Cumberland Valley Education Association, Appellant *v.* Cumberland Valley School District, Appellee.

Argued February 4, 1976, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Gerald E. Ruth,* for appellant-petitioner.

*Richard C. Snelbaker,* with him *Martson* and *Snelbaker,* for appellee.

*Edward A. Miller,* Assistant Attorney General, with him *Robert P. Kane,* Attorney General, for amicus curiae, Pennsylvania Department of Justice.

OPINION BY JUDGE CRUMLISH, JR., March 24, 1976:

The present appeal concerns the validity and enforceability of the sabbatical leave provision of the collective bargaining agreement between Cumberland Valley Education Association, Appellant, and Cumberland Valley School District, Appellee.

The controversy arose when two employees of the School District applied for sabbatical leave at full pay for one-half of the 1974-1975 school year under the provisions of the collective bargaining agreement. These applications were denied by Appellee on the ground that the sabbatical leave provision of the collective bargaining agreement was in conflict with the sabbatical leave provision of the Public School Code of 1949[1]. We have carefully scrutinized the record before us and conclude, as did the court below, that the sabbatical leave provision of the collective bargaining agreement is unenforceable insofar as one may receive more than one-half of his regular salary. President Judge SHUGHART has most ably presented both the facts and the law in his opinion below and for these reasons we adopt his opinion, which can be found at: 25 Cumberland Law Journal 203 (1975).

**Affirmed.**

---

1. Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. §1-101 et seq.

---

DISSENTING OPINION BY JUDGE ROGERS:

I dissent. If a school district may by a collective bargaining agreement bind itself to submit to arbitration the propriety of dismissing a temporary professional employee, despite The Public School Code's express commitment of this power to the discretion of the Board of School Directors,[1] surely a district may by the same means confer on its teachers sabbatical leave benefits greater than those provided for in the Code.

---

1. *Board of Education v. Philadelphia Federation of Teachers, Local No. 3*,      Pa.     , 346 A.2d 35 (1975).