Allegheny Valley School District, Appellant *v.* Allegheny Valley Educational Association, Appellee.

Argued March 1, 1976, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., and BLATT. Judges MENCER and ROGERS did not participate.

*John M. Means,* for appellant.

*Daniel R. Delaney,* with him *Ronald N. Watzman,* for appellee.

OPINION BY JUDGE BLATT, July 20, 1976:

At issue in this case is the validity and enforceability of a sabbatical leave provision of the collective bargaining agreement between the Allegheny Valley School District (School District) and the Allegheny

Valley Education Association (Association) entered pursuant to the Public Employe Relations Act[1] (Act 195). This is the same issue with which we have just dealt in *Cumberland Valley Education Association v. Cumberland Valley School District*, 24 Pa. Commonwealth Ct. 167, 354 A.2d 265 (1976), and we must, therefore, reverse the arbitrator's award.

The agreement here provides that teachers who are entitled to a sabbatical leave shall receive full pay during their absence on such leave, but when Ruth A. Johnson, a teacher in the Association, applied for such leave, it was refused on the basis that the sabbatical leave provision in the agreement violated Section 703 of Act 195 and Section 1169 of the Public School Code of 1949[2] (School Code).

Section 703 of Act 195 provides that:

"The parties to the collective bargaining process shall not effect or implement a provision in a collective bargaining agreement if the implementation of that provision would be in violation of, or inconsistent with, or in conflict with any statute or statutes enacted by the General Assembly of the Commonwealth of Pennsylvania or the provisions of municipal home rule charters."

Section 1169 of the School Code, however, provides that:

"The person on leave of absence shall receive one half of his or her regular salary during the period he or she is on sabbatical leave."

When Ms. Johnson filed a grievance claiming the right to a sabbatical leave with full pay as provided by the agreement, the matter progressed to arbitration in which the arbitrator held that neither the School

[1] Act of July 23, 1970, P.L. 563, *as amended*, 43 P.S. §1101.101 et seq.

[2] Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. §11-1169.

Code nor Act 195 prohibited the School District and the Association from agreeing to provide full pay to teachers on sabbatical leave. His award of a year's leave at full pay was then appealed to this Court by the School District pursuant to Pa. R. J. A. No. 2101.

As we held in *Cumberland Valley Education Association, supra,* relying on the opinion of the lower court at 25 Cumberland Law Journal 203 (1975), a sabbatical leave provision in a collective bargaining agreement, which provided for more than one half pay during the course of the leave, was clearly inconsistent with the School Code and therefore unenforceable under Section 703 of Act 195. We, therefore, issue the following

ORDER

AND Now, this 20th day of July, 1976, the decision and award of the arbitrator in the instant case are hereby set aside.