Central Dauphin Education Association *v.* Central Dauphin School District, Appellant.

Argued December 9, 1976, before Judges Kramer, Wilkinson, Jr. and Rogers, sitting as a panel of three.

*James F. Carl,* with him *Metzger, Wickersham, Knauss & Erb,* for appellant.

*Thomas W. Scott,* with him *John D. Killian,* and *Killian & Gephart,* for appellee.

*Michael I. Levin,* with him *Cleckner & Fearen,* for amicus curiae, Pennsylvania School Boards Association.

OPINION BY JUDGE WILKINSON, December 28, 1976:

The issue presented here is whether an arbitrator erred in ordering reimbursement for fringe benefits, which a teacher on sabbatical leave was required to pay, although a collective bargaining agreement provided such benefits to ''regularly employed teachers.'' We find no error.

A professional employee of appellant for nineteen years was granted sabbatical leave for the second half of the 1975-76 school year. Under a collective bargaining agreement adopted by appellant and appellee, appellant was required to provide life, dental and major medical health care insurance for ''all members of the bargaining unit,''[1] a term defined in the agreement as including ''regularly employed teachers under contract to the District.''[2] The agreement did not expressly state whether a professional employee on sabbatical leave was to be considered a ''regularly em-

[1] Agreement-Central Dauphin Education Association and Central Dauphin School District, Article VI.

[2] Agreement-Central Dauphin Education Association and Central Dauphin School District, Article I(B).

ployed teacher'' for coverage purposes. Sabbatical leave was mentioned only in a provision that a teacher on an unpaid leave of absence would receive credit toward sabbatical eligibility as if such unpaid leave had never been taken.[3]

Upon inquiry by the employee, appellant stated that the Public School Code of 1949[4] did not require payment of fringe benefits to professional employees on sabbatical leave and that scuh employees did not come within the agreement's definition of ''regularly employed teachers.'' The employee then instituted grievance proceedings pursuant to the agreement. The grievance was denied at all steps until the final step of binding arbitration was reached. Meanwhile, the employee went on sabbatical leave and appellant paid him one-half salary[5] but deducted premiums for the medical and dental insurance and allowed the life insurance to lapse.[6]

After a hearing, the arbitrator decided that the Public School Code neither required nor forbade payment of fringe benefits to a professional employee on sabbatical leave and that the answer lay ''within the four corners of the contract.'' Noting that the agreement distinguished between personnel regularly employed, and those on unpaid leave of absence, the arbitrator decided that since the employee received half-pay while on sabbatical, he could not have been on unpaid leave. The arbitrator concluded:

---

[3] Agreement-Central Dauphin Education Association and Central Dauphin School District, Article IX(C).

[4] Act of March 10, 1949, P.L. 30, as amended, 24 P.S. §1-101 et seq.

[5] Pursuant to the Act of March 10, 1949, P.L. 30, as amended, 24 P.S. §11-1169.

[6] The arbitrator found that the lapse was caused by appellant's good-faith interpretation of language contained in the master policy terminating coverage of employees on leave of absence more than ''60 days following termination of active service.''

Sabbatical leave may be a desired type of employment, however, it is employment, and although the activity involved may be highly enjoyable, the person on sabbatical leave is a 'regularly employed teacher.'

He then ordered the employee reimbursed for dental and health care coverage deductions and reinstated on future life, dental and health care plans.[7] This appeal followed.

Appellant agrees that the Public School Code neither requires nor forbids a school district from providing fringe benefits to professional employees on sabbatical leave and that the matter is one which may be the subject of collective bargaining.[8] However, appellant claims that the arbitrator erred in concluding that a teacher on sabbatical leave is a "regularly employed teacher." Appellant argues that the agreement is silent as to sabbatical leaves in this context and, therefore, an alleged distinction between regular employment and sabbatical leaves of absence found in the first paragraph of Section 1168 of the Public School Code[9] should control. That paragraph reads:

No leave of absence shall be granted unless such person shall agree to return to his or her employment with the school district for a period of not less than one school term immediately following such leave of absence.

---

[7] The arbitrator ordered no remedy for the period that the life insurance was not in effect because the risk had already passed by the date of his decision.

[8] Section 703 of the Public Employe Relations Act, Act of July 23, 1970, P.L. 563, *as amended*, 43 P.S. §1101.703 voids a provision in a collective bargaining agreement only:

[I]f the implementation of that provision would be in violation of, or inconsistent with, or in conflict with any statute or statutes enacted by the General Assembly of the Commonwealth of Pennsylvania or the provisions of municipal home rule charters.

[9] 24 P.S. §11-1168.

Under the ''essence test,'' our scope of review of an arbitrator's award is limited severely. ''[T]he award draws its 'essence' from the basic agreement if it is in any way rationally derived therefrom. Only when there is a manifest disregard of the agreement may the reviewing court disturb the award.'' *Matter of Ringgold Area School District*, 24 Pa. Commonwealth Ct. 266, 268, 356 A.2d 842, 843 (1976). Applying this strict standard, we cannot say that the arbitrator erred in his conclusion. The fact that Section 1168 requires a teacher on sabbatical leave to have agreed to return to the employment such teacher had prior to receiving the leave does not preclude an interpretation that such teacher comes within the definition of ''regularly employed teacher'' in a collective bargaining agreement. Hence there is no merit to appellant's claim that the arbitrator's decision caused a deprivation of appellant's rights under Section 1168 in violation of the collective bargaining agreement.[10]

Appellant finally claims error in that the arbitrator awarded benefits which were allegedly not the subject of negotiation. Even assuming that the matter was not discussed, the arbitrator's award was within the ''essence test.'' *Ringgold, supra.*

An amicus curiae brief was filed by the Pennsylvania School Board Association opposing the arbitrator's decision. The Association's contention is that fringe benefits should be considered part of the ''salary'' for teachers on sabbatical leave and therefore within the ambit of Section 1169[11] of the Public School Code which requires that such teachers receive one-half of their regular salary. We disagree. Section 1152[12] of the Public School Code makes a clear

[10] Agreement-Central Dauphin Education Association and Central Dauphin School District, XVI(C).

[11] 24 P.S. §11-1169.

[12] 24 P.S. §11-1152.

distinction between regular salary and the fringe benefits at issue here.

> Nothing contained in this act shall be construed to interfere with or discontinue any *salary schedule rights*, tenure rights, *or other privileges or terms of employment* now or heretofore in force in any school district, provided such shall meet the requirements of this act, nor to prevent the adoption of any salary schedule in conformity with the provisions of this act. (Emphasis added.)

Moreover, in *Pennsylvania Labor Relations Board v. State College Area School District,* 9 Pa. Commonwealth Ct. 229, 306 A.2d 404 (1973), *rev'd on other grounds,* 461 Pa. 494, 337 A.2d 262 (1975), we distinguished ''wages'' from ''sick and hospital benefits'' (and other benefits similar to those here) and, in this context, ''wages'' and ''salary'' are substantially the same.

The Association cites *Cumberland Valley Education Association v. Cumberland Valley School District,* 25 Cumb. L.J. 203, *aff'd,* 24 Pa. Commonwealth Ct. 167, 354 A.2d 265 (1975). There we upheld the lower court's decision that a contract provision granting full pay to teachers on sabbatical leave was in violation of the express language of Section 1169. The Association notes the following language in that case which observed that, until 1963, Section 1169 imposed a fixed dollar maximum upon the half-pay requirement for teachers on sabbatical:

> In deleting the words limiting compensation to an absolute dollar figure, the legislature abandoned any intention to limit the professional to an income less than one-half of his normal salary; however, had they intended not to limit compensation at all, clear language to that effect could have been used.

*Cumberland Valley, supra* at 204, 354 A.2d at 265.

We agree that a purpose for amending Section 1169 was to insure that teachers on sabbatical receive one-half of their regular salaries, whatever the amount. We also agree that the General Assembly could have removed *all* limitations on compensation for teachers on sabbatical with express language had it chosen to do so. There is a wide gap, however, between a legislative requirement of half-pay and a legislative refusal to remove *all* restrictions on compensation. Nothing in the Public School Code, taken as a whole, prohibits professional employees on sabbatical leave from receiving fringe benefits pursuant to a negotiated collective bargaining agreement.

Accordingly, we will enter the following

ORDER

Now, December 28, 1976, the award of the arbitrator dated June 10, 1976, ordering that the Central Dauphin School District reimburse John J. Trephan for all medical and dental plan premiums paid by him and reinstate him as a regularly employed teacher on future medical, dental plans and life insurance coverage is hereby affirmed.