517 A.2d 1022

Harry Wallaesa, Retired Chief of Police, Appellant *v.* Police Pension Commission of The Borough of Tamaqua and The Borough of Tamaqua, Appellees.

Argued September 11, 1986, before Judges DOYLE and BARRY, and Senior Judge KALISH, sitting as a panel of three.

 

*Anthony C. Busillo, II, Mancke, Lightman & Wagner,* for appellant.

*Jeffrey P. Bowe, Bowe, Lisella and Bowe,* for appellees.

OPINION BY SENIOR JUDGE KALISH, November 17, 1986:

Appellant, Harry Wallaesa, appeals an order of the Court of Common Pleas of Schuylkill County which upheld a decision of appellees, Police Pension Commission of the Borough of Tamaqua and the Borough of Tamaqua (Borough), which denied the inclusion of various forms of unaccumulated leave in Wallaesa's pension. We affirm the trial court.

Wallaesa retired as a police chief. His pension benefits were calculated as a fraction of his average monthly salary, excluding unused sick leave, personal days, and vacation days.

Wallaesa contends that his pension benefits should be calculated on his average salary plus his unused sick leave, personal, and vacation days (32½ days).

Section 5 of the Police Pension Fund Act, Act of May 29, 1956, P.L. (1955) 1804, *as amended,* 53 P.S. §771, provides that the retiree shall receive from the Pension Fund a sum equal to one-half of the average monthly salary. The Borough's ordinance is in accordance with this Act.

The question is whether the term "salary" as received by the police chief encompassed vacation days

and unused sick and personal days, during the designated period of time immediately prior to retirement.

In *Borough of Beaver v. Liston,* 76 Pa. Commonwealth Ct. 619, 464 A.2d 679 (1983), this Court interpreted the word "salary," as used for pension purposes, to be a fixed amount paid at periodic intervals, so that overtime pay due to a police officer was not considered salary for monthly pension benefit purposes.

In the present case, appellant's resignation as Chief of Police was tendered on July 4, 1981 and formally accepted by the Borough on July 8, 1981. At this time, he was entitled to 32½ vacation days, 4 personal days and 125 sick days. Appellant received a sum of $250 for his unused sick days in accordance with the provisions of the bargaining agreement, which the parties agreed would apply to appellant. This lump sum is not considered "salary," as it was not paid in periodic intervals. He was paid his normal salary rate, in the form of vacation "pay" and personal day "pay," while on vacation from July 4, 1981 until August 25, 1981, during which time he did not work. There is no provision in the bargaining agreement that would entitle appellant to his vacation "pay" or personal day "pay" if he did not take these days off. In other words, if he did not take these days, he would lose them.

After August 25, 1981, appellant's pension was calculated in a normal manner using the three year period from August 25, 1978 to August 25, 1981. This meant that the pay he received from July 4, 1981 through August 25, 1981 was considered as his regular pay and the three year period which formed the basis of the pension benefits stretched retrospectively back from August 25, 1981. Had the basis of the pension calculation been for the period July 4, 1978 through July 4, 1981, it is probable that appellant's pension would have been

smaller because he would have lost those vacation days for which he was paid.

The pension benefits were therefore properly calculated as of August 25, 1981, and appellees were correct in excluding the vacation pay and pay for personal days over and above what had already been taken into consideration in their determination of appellant's average monthly salary, as these days were factors already used in arriving at this regular monthly salary.

Accordingly, we affirm.

ORDER

NOW, November 17, 1986, the order of the Court of Common Pleas of Schuylkill County, No. S-282-1982, dated March 29, 1985, is affirmed.