## Bowie v. Slick

*Robert M. DiOrio,* for plaintiff.
*Martin R. Lentz,* for defendants.
*Thomas P. Hamilton Jr.,* for intervenors.

BRADLEY, *J.,* January 16, 1991 — An action for mandamus and/or injunctive relief was filed by a taxpayer in the Wallingford-Swarthmore School District to enjoin defendants, the superintendent

and Board of School Directors of said district, from levying taxes for the 1990-91 school year. Plaintiff contends that the district imposed a tax rate in excess of the limit imposed by section 6-672(a) of the Public School Code. This court agreed.

School districts are permitted to levy annually a tax on each dollar of assessment not to exceed 25 mills. 24 P.S. §6-672a. There are four exceptions to the 25-mill limitation:

(a) to pay salaries and increments of the teaching and supervisory staff;

(b) to pay rentals due any municipality authority, non-profit corporation or the State Public School Building Authority:

(c) to pay interest and principal on any indebtedness incurred under the Local Government Unit Debt Act; and

(d) to pay for the amortization of a bond issue which provided for a school building prior to the first Monday of July 1959.

The controversy in this action arose in connection with the provision allowing an unlimited increase in millage where necessary "to pay salaries and increments of the teaching and supervisory staff." Plaintiff argues that the school tax in excess of 25 mills may not include employee and fringe benefits. Fringe benefits are not "salary or increments," and plaintiff contends that the tax rate is illegal and, as such, these taxes may not be collected.

The district asserts that fringe benefits are a part of the salary exception to the 25-mill limitation. However, if fringe benefits are not to be considered as part of salary, then section 6-672 of the code is unconstitutional as it will not allow the district to maintain a "thorough and efficient system" as provided in Article 3, section 14 of the Pennsylvania

Constitution. Thus, there are two issues that the court addressed: (1) Whether fringe benefits are a part of salary and (2) if fringe benefits are not considered to be salary, whether the code provision is unconstitutional.

## I

Section 6-672 of the code does not define the term "salary." The district asserts that even though not specifically defined in the code, the language of the code when taken as a whole and interpreted in accordance with the rules of statutory construction, the term "salary" should encompass all manner of payments paid directly or indirectly to teachers and supervisory staff provided for in collective bargaining agreements and federal law. The district further notes that when the legislature amended section 6-672(b)(1), the word "minimum" salary was deleted. This, the district reasons, indicated the legislative intent to authorize the school district to levy taxes necessary to fund all payments on account of teachers' employment.

The district argues that strict interpretation of the term "salary" to exclude fringe benefits would deprive the district the right to fund compensation paid to its teachers and supervisory staff merely on account of the form in which it taxes. The district states that such a result elevates form over substance and could not be the intent of the legislature.

The district cited the case of *Appeal of Cumberland Valley School District,* 483 Pa. 134, 394 A.2d 946 (1978), which held that fringe benefits such as health and life insurance are wages within the meaning section 301(14) of the Pennsylvania Employee Relations Act.

Plaintiff asserts that the statute is clear and unambiguous and should be construed accordingly. Since the use of the funds by the district are not used in accordance with the code, the district's tax imposition is illegal. While the code does not define salary, plaintiff contends that the Pennsylvania Supreme Court in *Consumer Party of Pennsylvania v. Commonwealth,* 510 Pa. 158, 507 A.2d 323 (1986), did define the term. The court in that case defined it as a "fixed payment at regular intervals for services especially if clerical or professional." The court never considered any other form of compensation such as unemployment compensation, health benefits, etc. Citing *Central Dauphin Education Association v. Central Dauphin School District,* 28 Pa. Commw. 36, 367 A.2d 385 (1976), plaintiff states that the Commonwealth Court held that fringe benefits are not part of the salary for teachers on sabbatical leave.

It must first be noted that pursuant to 1 Pa.C.S. §1928(b)(3), a provision imposing a tax must be strictly construed. A taxing statute must not only be strictly construed but all reasonable doubt must be resolved in favor of the taxpayer. *Estate of Rose,* 465 Pa. 53, 348 A.2d 113 (1975). The Code offers no guidance as to how the term "salary" should be defined.

Allowing the term "salary" to encompass fringe benefits would be inconsistent with a strict interpretation of the statute. To hold that the deletion of the word "minimum" shows the intent of the legislature to authorize the school district to levy taxes necessary to fund salaries it is obligated to pay to teachers would again be contrary to a narrow interpretation of the term.

The district argues that *Appeal of Cumberland Valley School District, supra,* requires this court to conclude that fringe benefits are wages and salary. That case, however, made no distinction between wages and fringe benefits because the legislation in question defined wages as hourly rates of pay, salary, or *other forms of compensation for services rendered.* This legislation, therefore, broadened the concept and concluded that fringe benefits were included in wages. No such distinction between salary and fringe benefits exists in section 6-672(b) of the Public School Code. While the district asserts that a strict interpretation produces an "absurd" result, it is the court's duty to interpret a statute imposing a tax strictly.

Construing the statute material, this court finds that fringe benefits may not be construed a part of salary. To interpret the section to the contrary would be in violation of section 1928(b)(3). Further, it is not the court's duty to legislate. It is the legislature's duty to amend or change the statute. A court should not broadly define a term in a statute simply because a school district chooses to ignore a law, no matter how ancient, that was enacted to serve as a protection to the taxpayers. Where the legislature has the constitutional power to regulate the manner in which school districts tax, should the districts not appeal to the legislature to consider whether any relief should be allowed?

## II

Since this court finds that fringe benefits are not a part of salary, the constitutional argument raised by the district must be addressed. The district argues that the code must be unconstitutional since it will

not allow the district to maintain a "thorough and efficient system" required by Article 3, section 14 of the Pennsylvania Constitution. It asserts that due to the failure to reassess in Delaware County, this school district cannot raise sufficient money to fund school operations. However, it is parenthetically noted that the legislature has considered failure to reassess and has crafted a manner in which such alleged unfairness may be addressed in property assessment. 72 P.S. §4656.16a. This district nowhere argues that it requested legislative help in this matter.

Plaintiff contends that legislation may not be declared unconstitutional unless it clearly, palpably and plainly violates the Constitution.

The term "efficient" refers to the qualification of teachers. *Ebert v. School District of Borough of Dulpmont,* 333 Pa. 518, 5 A.2d 188 (1939). We do not believe it refers to the funding or lack of funding of teacher's salaries. This court does not consider section 6-672 of the Public School Code to be in violation of the Pennsylvania Constitution. The district simply wants to be absolved from its failure to consider a proper way to address the alleged unfairness of the code provision. Should it be permitted simply to avoid the legislative protection of the taxpayers?

This court concludes that the statute is clear and the term "salary" does not include the many benefits provided in addition to salary. The statute is constitutional. The district should be required to request that the legislature consider its plight and craft relief if appropriate. Taxpayer protection should not simply be ignored by any governmental entity.