596 A.2d 282

George SLICK, Donald R. Auten, Janet S. Dickerson, Dominick M. Fantozzi, Nancy J. Graham, Miriam B. Haggerty, George S. Loveless, Susanne K. Smith and Marion S. Taxin, Appellants,

v.

Stuart S. BOWIE, Appellee.

Stuart S. BOWIE

v.

George SLICK, Donald R. Auten, Janet S. Dickerson, Dominick M. Fantozzi et al.

Appeal of PENNSYLVANIA STATE EDUCATION ASSOCIATION, Wallingford Swarthmore Education Association et al.

Commonwealth Court of Pennsylvania.

Argued June 13, 1991.

Decided July 29, 1991.

Petition for Allowance of Appeal Denied Dec. 13, 1991.

Martin J. Lentz, for appellants, George Slick, et al.

Robert M. DiOrio, for appellee, Stuart S. Bowie.

Mark P. Widoff, for intervenor/appellants, Pennsylvania State Educ. Ass'n and Pennsylvania Ass'n of School Administrators.

Stephen S. Russell, Chief Counsel, for intervenor/appellant, Pennsylvania School Boards Ass'n.

Before DOYLE and PELLEGRINI, JJ., and SILVESTRI, Senior Judge.

PELLEGRINI, Judge.

This is a consolidated appeal from two orders of the Court of Common Pleas of Delaware County which entered peremptory judgment against Appellants George Slick, Donald R. Auten, Janet S. Dickerson, Dominick M. Fantozzi, Nancy J. Graham, Miriam B. Haggerty, George G. Love-

less, Susanne K. Smith and Marion S. Taxin and enjoined them from levying school taxes for the 1990–1991 school year. We reverse.

Appellant George Slick is the Superintendent of the Wallingford Swarthmore School District and the other eight appellants are members of the School District's Board of School Directors (collectively referred to as "School Board"). Stuart S. Bowie (Bowie) is a taxpayer who resides in the School District. Intervenors, the Pennsylvania State Education Association, Wallingford–Swarthmore Education Association, Pennsylvania School Boards Association and the Pennsylvania Association of School Administrators, are the principal statewide organizations involved in public education in the Commonwealth of Pennsylvania.

In July 1990 Bowie filed an action for mandamus and/or injunctive relief to enjoin the School Board from collecting school taxes for the 1990–1991 school year. He alleged that the School Board violated Section 6–672 of the Public School Code of 1949 (Code), Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. § 6–672, by including fringe benefits for teachers and the supervisory staff into the "salary" exception of Section 6–672, thereby exceeding the 25–mill limitation set by the Code. The School Board did not dispute the fact that it included fringe benefits in the "salary" exception to the 25–mill limitation.

On August 6, 1990 Bowie filed a Motion for Peremptory Judgment pursuant to Pa.R.C.P. 1098. On August 7, 1990 the trial court granted the motion for peremptory judgment and ordered the School Board to refrain from collecting school taxes for the 1990–1991 school year and to prepare a new budget. On August 10, 1990 the School Board, after filing preliminary objections to Bowie's complaint, filed a Petition to Open the Peremptory Judgment.[1] On October 15, 1990 the School Board's petition was heard before the

---

1. The School Board asserts that it filed preliminary objections to Bowie's complaint not knowing that the trial court had already granted the motion for peremptory judgment, and alleges that notice of the peremptory judgment was served on the day judgment was granted.

trial court. On November 29, 1990 the trial court issued an order denying the School Board's preliminary objections to Bowie's complaint in mandamus and refusing to open the peremptory judgment on the grounds that the "salary" exception contained in Section 6–672 of the Code does not include fringe benefits and that the School Board failed to show that the Code, as interpreted by the trial court, was unconstitutional because it prevented the School Board from providing thorough and efficient education. The School Board's appeal from the trial court's two orders followed.[2]

■ Where a party appeals a denial of its petition to open a peremptory judgment, our scope of review is limited to determining whether the trial court abused its discretion. *Washowich v. McKeesport Municipal Water Authority,* 94 Pa. Commonwealth Ct. 509, 512, 503 A.2d 1084, 1085 (1986).

■ The School Board contends that the trial court erred in concluding that the "salary" exception contained in Section 6–672 of the Code does not encompass fringe benefits for teachers and supervisory staff. Section 6–672 provides, in pertinent part:

(a) In all school districts of the second, third, and fourth class, all school taxes shall be levied and assessed by the board of school directors therein, . . . . In such school districts the tax rate shall not exceed twenty-five mills on the dollar, on the total amount of the assessed valuation of all property taxable for school purposes therein.

. . . .

(b) Boards of school directors of districts of the second, third, and fourth classes are hereby authorized to levy annually, a tax on each dollar of the total assessment of all property assessed and certified for taxation therein, (1)

2. The School Board initially contends that the granting of Bowie's motion for peremptory judgment in an action in mandamus was improper because it did not receive prior notice of peremptory judgment pursuant to Pa.R.C.P. 1098. Because of the manner in which we dispose the present appeal, we will not address this issue.

to pay up to and including the salaries and increments of the teaching and supervisory staff,....

Section 6–672 of the Code, 24 P.S. § 6–672. Because the terms "salary" and "fringe benefits" are not defined in Section 6–672 of the Code and because there is no indication that they are technical terms, we must construe them according to their common and approved usage. Section 3(a) of the Statutory Construction Act, Act of December 6, 1972, P.L. 1339, *as amended*, 1 Pa.C.S. § 1903(a).

"Salary" has been defined as a fixed amount paid at periodic intervals, *Wallaesa v. Police Pension Commission of the Borough of Tamaqua*, 102 Pa. Commonwealth Ct. 238, 240, 517 A.2d 1022 (1986), and is generally considered compensation for services performed. *Consumer Party of Pennsylvania v. Commonwealth*, 510 Pa. 158, 184, 507 A.2d 323, 326 (1986). "Fringe benefits" such as the payment of premiums for health and life insurance and employee pension plans, are similar to "salary" in that employers who are required to extend such benefits to their employees incur a present cost or the risk of a future cost. *See, e.g., Trinity Services, Inc. v. Marshall*, 593 F.2d 1250, 1257 (C.A.D.C.1978). As such, "fringe benefits" are considered an indirect form of compensation to an employee for services rendered, *Woodland Hills Education Association v. Woodland Hills School District*, 96 Pa. Commonwealth Ct. 502, 506, 508 A.2d 365, 367 (1986), and it is for this reason that fringe benefits have been held to be within the proper scope of collective bargaining. *International Brotherhood of Firemen and Oilers, Local 1201, AFL–CIO v. Board of Education of the School District of Philadelphia*, 500 Pa. 474, 480, 457 A.2d 1269, 1272 (1983).

We now determine whether, as the School Board contends, the "salary" exception contained in Section 6–672 of the Code encompasses fringe benefits. In *Appeal of Cumberland Valley School District*, 483 Pa. 134, 394 A.2d 946 (1978), the association representing school district employees alleged that the school district committed unfair labor practices in terminating the payment of the employees'

health and life insurance premiums and tuition expenses while negotiations for a new agreement were in progress. Our Supreme Court, finding that fringe benefits such as health and life insurance premiums are "wages" within the meaning of Section 301(14) of the Pennsylvania Public Employee Relations Act (PERA), Act of July 23, 1970, P.L. 563, *as amended,* 43 P.S. § 1101.301(14), which defines wages as "hourly rates of pay, salaries, or other forms of compensation for services rendered," held that the school district had violated its duty to bargain in good faith while collective bargaining was in progress and required the school district to reimburse the payments for the benefits which it had terminated.

In *Walter v. North Hills School District,* 87 Pa. Commonwealth Ct. 302, 487 A.2d 85 (1985), the school district paid salary and all benefits to a teacher while she was on sabbatical leave. When the teacher resigned after returning from her leave, the school district demanded that she return to the school district that portion of the salary paid to her while she was on leave. The teacher refused, contending that she was not required to do so because salary is not included in the term "benefits" as that term is used in Section 1168 of the Code, 24 P.S. § 11–1168. This Court reasoned that because the principal benefit to which a teacher is entitled while on sabbatical leave is one-half of salary and because the legislature, having mandated the payment of salary under certain conditions, would not intend to convert the payment of that salary into a gratuitous gift if those conditions were not met, a construction of "benefits" excluding salary would lead to an absurd result in violation of 1 Pa.C.S. § 1922(1).[3] Accordingly, this Court held that the teacher, on resigning from her position, was obligated to return that portion of salary paid to her while she was on sabbatical leave.

3. Section 1922(1) provides the presumption, in ascertaining the intention of the General Assembly in the enactment of a statute, that the General Assembly does not intend a result that is absurd, impossible of execution or unreasonable.

In *Woodland·Hills,* the school district sought to be reimbursed or made whole for payments made to a teachers' association for the premiums for medical, dental, vision and life insurance which covered teachers during a strike. The teachers' association argued that it was not required to reimburse the payments because Section 301(d) of the Tax Reform Code of 1971, Act of March 4, 1971, P.L. 6, *as amended,* 72 P.S. § 7301(d), specifically excludes from its definition of compensation payments by employers for fringe benefits. This Court held that merely because "an employee is not required to pay income tax on payments for fringe benefits" does not mean that "for purposes of a PERA analysis, such payments do not constitute compensation. As these payments clearly constitute a part of the total pay package of the employees, we believe they are compensation as that term is used in Section 1006." 96 Pa.Commonwealth Ct. at 506, 508 A.2d at 367.

All of the foregoing cases have treated fringe benefits as compensation or wages to the employee. Because "salary" and "wages" are substantially the same, *Central Dauphin Education Association v. Central Dauphin School District,* 28 Pa. Commonwealth Ct. 36, 41, 367 A.2d 385, 388 (1976), in that both terms refer to compensation to an employee for services rendered, we conclude that "salary", as that term is used in Section 6–672 of the Code, includes payments for fringe benefits.

Our conclusion is further supported by the plain language of Section 6–672, which indicates that the General Assembly's purpose in providing for the "salary" exception to the 25–mill limitation was to ensure that there would be sufficient funds to pay teachers and the supervisory staff regardless of the assessment ratio and regardless of whether the payments are denominated "wages" or "salary" or "fringe benefits". Moreover, the legislature intended "salary", as that term is used in Section 6–672, to include fringe benefits because of Section 5–513·of the Code, 24 P.S. § 5–513. Section 5–513 authorizes school districts to provide group life, health and accident insurance and pension bene-

fits to their employees. It also allows school districts to deduct all or part of the cost of benefit payments *from the employees' pay, salary or compensation.* Because the cost of benefit payments come from the employees' "pay, salary or compensation", we agree with the School Board that the legislature intended fringe benefits to be an integral part of "salary".

We find that the trial court abused its discretion in refusing to open the peremptory judgment because its determination that fringe benefits are not included in the "salary" exception contained in Section 6–672 of the Code was a misinterpretation of the law. Accordingly, we reverse the orders of the trial court.

## ORDER

AND NOW, this 29th day of July, 1991, the orders of the Court of Common Pleas of Delaware County dated August 7, 1990 and November 29, 1990, are hereby reversed.