630 A.2d 529

### Robert G. ARCURIO

v.

### GREATER JOHNSTOWN SCHOOL DISTRICT, Appellant.

Commonwealth Court of Pennsylvania.

Argued June 14, 1993.

Decided Aug. 6, 1993.

Matthew M. Hoffman, for appellant.

Richard T. Williams, Sr., for appellee.

Before PALLADINO and PELLEGRINI, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

Greater Johnstown School District (District) appeals from the order of the Court of Common Pleas of Cambria County that awarded Robert Arcurio damages for an improper furlough. We affirm in part and reverse in part.

In 1985, Arcurio filed a declaratory judgment action against the District and the Greater Johnstown Education Association, contending that he was improperly furloughed from his teaching position with the District. After a long procedural history, the trial court eventually determined that Arcurio had been improperly furloughed. The trial court then held a hearing on damages. Arcurio and the District mutually agreed on all aspects of damages owed because of the improper furlough, with the exception of damages because of the District's failure to provide Arcurio with health, life, dental and vision insurance during the furlough. Arcurio contended that he was entitled to a monetary award in the amount which the District would have expended to procure insurance for Arcurio had he not been furloughed. Conversely, the District contended that the proper measure of damages for loss of insurance coverage was the amount which Arcurio actually spent 1) to obtain replacement insurance coverage; and 2) for medical expenses which would have been covered by the District's insurance policies had Arcurio remained covered.

By order dated September 3, 1992, the trial court awarded Arcurio the following damages: 1) that amount which the

District would have expended during the period of Arcurio's furlough to include Arcurio in the District's health, life, vision and dental insurance policies; *and* 2) those amounts which Arcurio actually spent either to obtain replacement insurance coverage or in payment of medical expenses during the period of his furlough.

On appeal,[1] the District argues that the proper measure of damages for a loss of insurance benefits to an improperly furloughed employee is reimbursement of the employee's expenditures for alternative insurance coverage or those medical expenses the employee expended which would have been covered by the employer's insurance policies. However, Arcurio asserts that the damages necessary to make him whole must include payment for lost "compensation" caused by his improper furlough, citing *Woodland Hills Education Association v. Woodland Hills School District,* 96 Pa.Commonwealth Ct. 502, 508 A.2d 365 (1986). Arcurio asserts that under the terms of his collective bargaining agreement his health benefits should be considered lost compensation, thereby entitling him to reimbursement for the amounts the District would have expended had Arcurio not been improperly furloughed. However, in *Woodland Hills,* we determined only that the provision of insurance coverage to employees during a *strike* constituted "compensation" within the meaning of the Public Employee Relations Act, Act of July 23, 1970, P.L. 563, 43 P.S. §§ 1101.101–1101.2301, which prohibits the provision of compensation to striking employees. *Woodland Hills* does not involve the issue of the proper measure of damages for lost insurance benefits.

Courts have consistently rejected claims to recover the employer's cost of lost insurance benefits, holding instead that the employee is entitled only to 1) premiums paid by the employee to obtain alternative insurance coverage; and 2) medical expenses paid by the employee which would have been

1. Our scope of review from the trial court's order is limited to a determination of whether the trial court abused its discretion or committed an error of law. *Mann v. City of Philadelphia,* 128 Pa.Commonwealth Ct. 499, 563 A.2d 1284, *appeal denied,* 525 Pa. 622, 577 A.2d 892 (1989).

covered by the employer's insurance plan. *See Kossman v. Calamet County,* 800 F.2d 697 (7th Cir.1986); *Galindo v. Stoody Co.,* 793 F.2d 1502 (9th Cir.1986); *McAleer v. McNally Pittsburgh Manufacturing Co.,* 329 F.2d 273 (3rd Cir.1964).

In *Kossman,* the court explained that:

Including the cost of insurance coverage in a back pay award when the victim of discrimination fails to secure alternative coverage allows the victim to recover an unwarranted windfall unless he or she can demonstrate that they were unable to secure coverage and had a medical expense.... [Plaintiffs] must establish that in fact they incurred expenses in securing alternative insurance coverage or incurred medical expenses that would have been covered under the [employer's] insurance program had they not been terminated....

800 F.2d at 703–04.

Therefore, we hold that the proper measure of damages is limited to Arcurio's actual losses, i.e., his out-of-pocket expenses for insurance premiums *or* those medical expenses which would have been covered by the District's insurance program.

Accordingly the order of the trial court is affirmed in part and reversed in part in accordance with the foregoing opinion.

## ORDER

AND NOW, this 6th day of August, 1993, the order of the Court of Common Pleas of Cambria County in the above-captioned matter is hereby affirmed in part and reversed in part in accordance with the foregoing opinion.

PELLEGRINI, Judge, dissenting.

I respectfully dissent. The sole issue in this case is whether an improperly furloughed school district employee is entitled to receive an amount equal to the employer's cost of his or her medical benefits only when the employee actually purchased other medical insurance or incurred health care costs. The

majority holds that you have to show that you have purchased insurance or incurred medical expenses to be able to recover any of the money that the employer would have to pay in medical benefits. Because medical benefits are nothing more than a part of the total compensation paid to an employee, I would include as an element of damages the employer's cost of providing medical insurance to the employee, regardless of whether the employee purchased insurance or incurred any medical expenses.

When an employee is furloughed or discharged, he or she is entitled to all compensation lost if the employer's action is later determined to be illegal or improper. In *Shearer v. Commonwealth, Secretary of Education,* 57 Pa.Commonwealth Ct. 266, 269, 424 A.2d 633, 634 (1981), we held that:

> [A] professional employee is entitled to back pay for any period of involuntary separation form his employment which is subsequently resolved in his favor. See *Theros v. Warwick Board of School Directors,* 42 Pa.Commonwealth Ct. 296, 401 A.2d 575 (1979), where we held that a wrongfully suspended professional employee be paid "an amount of money equal to the compensation he would have been paid during the period of his suspension." *Id.* at 301, 401 A.2d at 577.

We have consistently held that fringe benefits, including medical benefits, are part of the compensation that is paid to employees. In *Slick v. Bowie,* 141 Pa.Commonwealth Ct. 500, 596 A.2d 282 (1991), interpreting whether the term "salary" included fringe benefits so that millage could be levied in excess of the ceiling set forth in The Public School Code of 1949,[1] we stated:

> "Salary" has been defined as a fixed amount paid at periodic intervals, *Wallaesa v. Police Pension Commission of the Borough of Tamaqua,* 102 Pa.Commonwealth Ct. 238, 240, 517 A.2d 1022 (1986), and is generally considered compensation for services performed. *Consumer Party of Pennsylvania v. Commonwealth,* 510 Pa. 158, 184, 507 A.2d 323, 326

---

1. Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. § 1–101–27–2702.

(1986). *"Fringe benefits" such as the payment of premiums for health and life insurance and employee pension plans, are similar to "salary" in that employers who are required to extend such benefits to their employees incur a present cost or the risk of a future cost.* See, e.g., *Trinity Services, Inc. v. Marshall,* 593 F.2d 1250, 1257 (C.A.D.C.1978). As such, "fringe benefits" are considered an indirect form of compensation to an employee for services rendered. *Woodland Hills Education Association v. Woodland Hills School District,* 96 Pa.Commonwealth Ct. 502, 506, 508 A.2d 365, 367 (1986).... (Emphasis added.)

Our consistently holding that medical benefits are included as part of salary reflects a "real world" understanding that in the bargaining process, "fringes" are just another form of compensation that the employer calculates as part of the total wages paid to the employee. If fringe benefits are compensation taken in a form other than cash, when an employee is improperly furloughed, he or she is entitled to be made whole for all compensation lost as a result of the employer's improper personnel actions.[2] To say that you have to show that you have to purchase alternative medical coverage or incur medical expenses improperly focuses on what the employee spent, not what he or she lost. It's like saying you have to show food and rent receipts to be entitled to the cash portion of compensation. Because an employee is entitled to all compensation, which includes lost fringes, I must respectfully dissent.

---

2. Contrary to the majority's holding that employer's cost of lost insurance benefits, federal courts have not consistently rejected payment of employer's cost for lost medical benefits. *See, e.g., Fariss v. Lynchburg Foundation,* 769 F.2d 958 (4th Cir.1985); *Jacobson v. Pitman–Moore, Inc.,* 582 F.Supp. 169 (1984).