570 A.2d 105

The YORK COUNTY AREA VOCATIONAL-TECHNICAL EDUCATION ASSOCIATION, Appellant,

v.

In the Matter of the Arbitration Between the YORK COUNTY AREA VOCATIONAL-TECHNICAL SCHOOL, Appellee.

Commonwealth Court of Pennsylvania.

Argued Nov. 14, 1989.

Decided Jan. 5, 1990.

Reargument Denied March 12, 1990.

Thomas W. Scott, Ronda K. Kiser, Killian & Gephart, Harrisburg, for appellant.

Michael W. King, Stock and Leader, York, for appellee.

Before DOYLE and BARRY, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

The York County Area Vocational–Technical Education Association (Association) appeals from an order of the Court of Common Pleas of York County which vacated an arbitrator's award which held the York County Vocational–Technical School (School) violated a collective bargaining agreement. We reverse.

The Association is the exclusive bargaining representative for the professional employees of the School. In May 1986, the Association and School entered into a Collective Bargaining Agreement (CBA) which remained in force through June 30, 1989. The underlying grievance, in essence, is whether the School violated the CBA by unilaterally amending its sabbatical leave policy.

In December 1980, before the events at issue here, the school established a sabbatical leave policy by written statement. In 1983, the policy was revised *after consultation and agreement of the Association.* Both initial and revised policy statements permitted split sabbatical leaves allowing the employee to take one semester of leave in one year and a second semester in the following year. The 1983 policy statement, which was in effect at the time the parties bargained and entered into the CBA, was applicable to *all leaves,* whether for health, study or travel and was consistent with the Public School Code of 1949, Act of March 10,

1949, P.L. 30, *as amended,* 24 P.S. §§ 1–101–27–2702 (Code).[1]

On July 10, 1986, following ratification of the CBA, the sabbatical leave provisions of the Code, specifically Section 1166, 24 P.S. § 11–1166 was amended. Section 1166 set forth that:

> Provided further, that a *sabbatical leave for travel shall be taken in one full school term,* unless authorized by the Board of School Directors to be taken for half school term or for two half school terms during a period of two (2) years....

(Emphasis added.)

On September 25, 1986, following the passage of the amendment to the Code, the School unilaterally created a new sabbatical leave policy which mandated that sabbatical leave for travel be limited to a full school term thus, replacing the split sabbatical policy that it had followed since 1980. The Association filed a grievance claiming the unilateral modification violated the CBA. A hearing was held before an arbitrator where the parties presented evidence.

The arbitrator concluded that the grievance was arbitrable under Article I, Section E of the CBA, entitled Job Security and Job Progression which provided:

> The Pennsylvania School Code includes certain job security, certification and other regulatory provisions associated with various classes of employees. The parties hereby aver that such provisions of the School Code represent their complete agreement and that said provisions shall govern the manner in which the job security, job progression, and reduction in force practices shall be affected with respect to employees.

After concluding that the issue was arbitrable, the arbitrator then turned to the merits holding that the School's prior policy, under which it had permitted split travel sabbaticals

---

1. The 1949 Code allowed the parties to a CBA to choose different alternatives for their sabbatical leave policy.

was "an established policy, tantamount to a contract clause, on sabbatical leave ..." (Arbitrator's decision at 5.) The arbitrator reasoned that prior to September 25, 1986, an established policy permitted split travel sabbaticals and that the School "had no right, contractually—or legally—to unilaterally modify or change this *condition of employment.*" (*Id.* at 6.) He further held the amendment to the Code "did not mandate a change in the parties' sabbatical leave policy," and thus, the unilateral change violated the CBA.

On appeal, the trial court vacated the arbitrator's award on the basis that sabbatical leave was not arbitrable. Thus, the trial court's holding did not require it to consider the merits of the arbitrator's decision. The Association then appealed to this Court.

The Association argues that the trial court erred in vacating the arbitrator's award because: 1) the arbitrator correctly determined that the sabbatical leave policy was within the scope of the CBA and was therefore, arbitrable, and 2) because the arbitrator's decision was a reasonable interpretation of the CBA such decision must be affirmed by the reviewing court.

▇ In regard to the question of arbitrability, we must begin by stating that Pennsylvania labor policy not only favors, but mandates, that employee grievances arising out of the interpretation of a CBA be submitted to arbitration. *Board of Education of Philadelphia v. Federation of Teachers Local No. 3,* 464 Pa. 92, 346 A.2d 35 (1975). From this policy, the corollary principle is derived that where an arbitrator has interpreted a CBA in favor of arbitrability of the grievance, "a reviewing court should be slow indeed to disagree." *Appeal of Chester–Upland School District,* 55 Pa. Commonwealth Ct. 102, 105–06, 423 A.2d 437, 440 (1980), *citing County of Allegheny v. Allegheny County Prison Employees Independent Union,* 476 Pa. 27, 381 A.2d 849 (1977). Pennsylvania follows the federal principles, specifically the "essence test," in determining arbitrability, as set forth in the leading case of the "Steelworkers Trilogy," *United Steelworkers of America v. Warrior &*

*Gulf Navigation Co.*, 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960). "In the absence of any express provision *excluding* a particular grievance from arbitration, we think only the most forceful evidence of a purpose to exclude the claim from arbitration can prevail." *Id.* at 584–85, 80 S.Ct. at 1353–54 (emphasis added).

■ The arbitrator, here, determined that sabbatical leave was within "the scope of grievance procedure." [2] *Pittsburgh Joint Collective Bargaining Committee v. City of Pittsburgh*, 481 Pa. 66, 75, 391 A.2d 1318, 1323 (1978). Because interpretation of clauses in a CBA involve factual determinations, *see, Community College of Beaver v. Community College of Beaver, Society of the Faculty*, 473 Pa. 576, 375 A.2d 1267 (1977), and arbitrators are the exclusive fact-finder, their judgment is afforded great deference. *Scranton Federation of Teachers, Local 1147 v. Scranton School District*, 498 Pa. 58, 444 A.2d 1144 (1982). The School maintains the sabbatical policy was not expressly set forth anywhere in the CBA and therefore, the arbitrator's decision could not in any natural way be derived from the language and context of the CBA.

■ Although the arbitrator found the CBA to be silent on sabbatical leave, he determined *the School's policy* had been to permit split travel sabbatical leave. An arbitrator properly exercises his discretion by basing his conclusion on the *implications of the agreement. Leechburg Area School District v. Dale*, 492 Pa. 515, 424 A.2d 1309 (1981). In *Appeal of Chester–Upland*, 55 Pa. Commonwealth Ct. 102, 423 A.2d 437, we specifically held a past practice employment condition, i.e. right to earned vacation, was incorporated into the CBA. Split travel sabbatical leave could be reasonably inferred from the CBA and past

**2.** The arbitrator believed the School had conceded the issue of arbitrability, although the school argues here that it made no such concession. The arbitrator noted, he would have decided the question of arbitrability against the School before advancing to the merits even without the school's concessions.

practice. Thus, we reverse the trial court's vacation of the arbitrator's award.

■ The School argues that for us to reinstate the decision would be contrary to law because split travel sabbatical leaves violate the Code's 1986 amendment. Because our Supreme Court has held that the fact that a particular subject matter may be covered by legislation does not remove it from collective bargaining if it bears on the question of wages, hours and conditions of employment, *Pennsylvania Labor Relations Board v. State College Area School District,* 461 Pa. 494, 337 A.2d 262 (1975); *see Dinberg v. Oil City Area School District,* 52 Pa. Commonwealth Ct. 449, 416 A.2d 1139 (1980), we must disagree with the school's argument. The arbitrator found that sabbatical leaves are a condition of employment. No contrary evidence was introduced.

Accordingly, the order of the Court of Common Pleas of York County is reversed and the decision of the arbitrator is reinstated.

ORDER

AND NOW, this 5th day of January, 1990, the order of the Court of Common Pleas of York County in the above-captioned matter is hereby reversed and the decision of the arbitrator is reinstated.