646 A.2d 1280

**CLARION–LIMESTONE AREA SCHOOL DISTRICT, Appellant,**

v.

**PENNSYLVANIA LABOR RELATIONS BOARD and Clarion–Limestone Education Association.**

Commonwealth Court of Pennsylvania.

Argued June 9, 1994.

Decided Aug. 11, 1994.

Reargument Denied Oct. 4, 1994.

584

William R. Strong, for appellant.

Timothy Tietze, for appellees.

Before PELLEGRINI and FRIEDMAN, JJ., and RODGERS, Senior Judge.

RODGERS, Senior Judge.

Clarion–Limestone Area School District (District) appeals from an order of the Court of Common Pleas of Clarion County affirming the order of the Pennsylvania Labor Relations Board (PLRB) which found the District had committed an unfair labor practice when it denied Donald Singleton's request for a split travel sabbatical for the second semester of the 1991–92 school year and the second semester of the 1992–93 school year. We affirm.

On September 4, 1991, Singleton requested a split travel sabbatical for the second semester of two consecutive school years. The District denied his request. The Clarion–Limestone Area Education Association (Association) filed an unfair labor practice charge against the District, claiming that it engaged in unfair labor practices by changing its sabbatical leave policy without first negotiating with the Association. The hearing examiner issued an amended proposal[1] that concluded that the District had committed unfair labor practices. The order required the District to rescind its denial and grant Singleton's sabbatical leave request and offer to bargain over any change to the sabbatical leave policy. The District filed exceptions, but the PLRB affirmed the hearing examiner's order. The District then appealed to the trial court and requested a supersedeas. At the same time, the PLRB petitioned the trial court for enforcement of its order. The trial court affirmed the PLRB's order, directing the District to comply.

On appeal,[2] the District argues that the trial court erred in holding that it committed an unfair labor practice because it obeyed the directive of the 1986 amendment to the

1. An amended decision was necessary because of errors contained within the original decision that are not at issue here.

2. Our scope of review is limited to a determination of whether the findings of the PLRB are supported by substantial evidence and whether the conclusions drawn from those facts are reasonable and not capricious, arbitrary or illegal. *Abington Transportation Assoc., PSSPA/ PSEA v. Pennsylvania Labor Relations Board,* 131 Pa.Commonwealth Ct. 267, 570 A.2d 108 (1990).

Public School Code of 1949 (School Code),[3] which requires the District to review and decide on an individual basis any request for split sabbatical leave for travel.

In 1982, the District's sabbatical leave policy stated in pertinent part that:

Any professional employe who has completed ten years of satisfactory service in Pennsylvania, shall be entitled to a leave of absence for restoration of health, study or travel. Such leave shall be for a half or full school term or for two half school terms during a period of two years.

(Joint Exhibit No. 4.) This exact language was readopted as the District's official sabbatical leave policy in April, 1989. (Joint Exhibit No. 5.)

Under the 1982 policy, the District allowed the employees to choose between the single year or the split year sabbatical. This choice by the employee was in accord with Section 1166 of the School Code, 24 P.S. § 11–1166, as it existed at that point in time. A teacher was the sole determiner of whether the sabbatical leave would be taken in one year or split between two years.

This section of the School Code was amended in 1986. The pertinent language of the amended version reads as follows:

Provided further, That a sabbatical leave for travel shall be taken in one full school term, unless authorized by the board of school directors to be taken for a half school term or for two half school terms during a period of two (2) years....

24 P.S. § 11–1166. As noted above the District did not change its written sabbatical policy; it readopted the old language. Yet the District's implementation of this policy, allegedly based on the amended language in the School Code, changed. A teacher could no longer determine whether a sabbatical could be taken in one year or split between two years; that decision was now solely for the District to decide. The issue before us is whether this change in the implementation of the District's policy, regardless of the written language

3. Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. §§ 1–101–27–2702.

in its policy statement, is an unfair labor practice because it was not bargained over.

The District argues that Section 703 of the Public Employe Relations Act (PERA),[4] does not require it to bargain over the sabbatical leave policy because this bargaining process would be in violation of, inconsistent with, or in conflict with the School Code. The District attempts to distinguish *York County Area Vocational–Technical Education Assoc. v. York County Area Vocation–Technical School*, 131 Pa.Commonwealth Ct. 260, 570 A.2d 105 (1990), *petition for allowance of appeal denied*, 527 Pa. 613, 590 A.2d 299 (1991), based on the fact that *York* concerned a grievance arbitration and the situation here concerns an allegation of an unfair labor practice. The trial court noted this distinction, but found it to be of no moment and relied on the *York* decision in affirming the PLRB's order.

In *York*, the court, on appeal, reversed the trial court, reinstating a decision by an arbitrator that found the school district had unilaterally modified the collective bargaining agreement when it changed its policy on sabbatical leaves in response to the 1986 School Code amendment. Although the arbitrator found that the collective bargaining agreement was silent on sabbatical leave, he determined that the school's policy had been to permit split travel sabbatical leave. Moreover, in response to the school district's argument that split travel sabbatical leave violated the School Code's 1986 amendment, the *York* court stated that "our Supreme Court has held that the fact that a particular subject matter may be covered by legislation does not remove it from collective bargaining if it bears on the question of wages, hours and conditions of employment." *Id.* at 266, 570 A.2d at 107.

4. Act of July 23, 1970, P.L. 563, *as amended*, 43 P.S. § 1101.703, which states:

> The parties to the collective bargaining process shall not effect or implement a provision in a collective bargaining agreement if the implementation of that provision would be in violation of, or inconsistent with, or in conflict with any statute or statutes enacted by the General Assembly of the Commonwealth of Pennsylvania or the provisions of municipal home rule charters.

Here, the trial court found that the District was avoiding the real issue by arguing that no policy change took place, based on its written policy statement, where clearly the District had changed its conduct regarding split sabbatical leave for travel. Prior to the amendment a teacher had the option to choose an all in one year sabbatical or a split sabbatical; after the amendment the determination was made by the District. A teacher was no longer the decision maker as to his or her sabbatical leave.

The trial court also recognized that a public employer is not permitted to make unilateral changes in its policy concerning terms and conditions of employment and that sabbatical leave policies are mandatory subjects of bargaining. Thus, the trial court affirmed the PLRB, based on *York* and *Pennsylvania Labor Relations Board v. State College Area School District,* 461 Pa. 494, 337 A.2d 262 (1975), wherein the court held that a statute does not remove an issue from collective bargaining unless the "statutory provisions explicitly and definitively prohibit the public employer from making an agreement as to that specific term or condition of employment." *Id.* at 510, 337 A.2d at 270.

The Association contends that the amendment to the School Code authorizes at least the three following sabbatical leave policies: (1) retain the status quo by continuing to grant all split travel sabbatical requests; (2) examine each split sabbatical request on a case-by-case basis; or (3) deny all split travel sabbatical requests. The Association argues that the District unilaterally chose to move from option one to option two without prior bargaining with the Association, that the District was not duty bound by the language of the amendment to follow the second option, and that the District cannot unilaterally change its policy, selecting a different option.

The core consideration is the language of the amendment and the opinions in *York* and *State College,* which control our decision here. The language of the amendment does not explicitly and definitively prohibit the District and the Association from agreeing to one of the options outlined by the Association or a combination thereof; it merely shows a

legislative preference for a sabbatical leave to be taken within one year. Without the prohibitive language in the School Code, the District cannot unilaterally implement a change in its policy. Further, a careful reading of the language in Section 1166 of the School Code shows that the District may authorize the split sabbatical leave.

Based on our review of the record and the law as applied in *York* and *State College,* we conclude that the PLRB correctly found the District to have committed an unfair labor practice. The amended portion of the School Code does not prohibit the District from granting the split sabbatical leave, nor does it prohibit the District from bargaining with the Association over sabbatical leave policies.

Accordingly, we affirm.

## ORDER

NOW, *August 11, 1994,* the order of the Court of Common Pleas of Clarion County, dated July 26, 1993, at No. 1816 C.D. of 1992, is affirmed.