Douglas I. Dinberg, Appellant *v.* Oil City Area School District, Appellee.

450

Argued May 8, 1980, before Judges Mencer, Craig and MacPhail, sitting as a panel of three.

*Bruce T. Rosen, Rosen & Rosen,* for appellant.

*Benjamin G. McFate,* for appellee.

Opinion by Judge Mencer, June 30, 1980:

Douglas I. Dinberg (Dinberg) was a professional employee of the Oil City Area School District (School District). During April 1977, Dinberg requested and was granted a sabbatical leave for the 1977-78 school year. Prior to his sabbatical leave, Dinberg was a music teacher at the Hasson Heights Elementary School and at the Oil City Junior High School. On July 10, 1978, Dinberg received notification that, for the 1978-79 school year beginning September 5, 1978,

he was being assigned as a music teacher at the Hasson Heights Elementary School and at the Oakland Elementary School.

Dinberg, being of the view that he was being transferred in violation of the Public School Code of 1949[1] and the May 13, 1974 collective bargaining agreement entered into between the School District and the Oil City Area Education Association, did not report for work on September 5, 1978 and notified the School District on September 15, 1978 that he was retiring from employment with the School District.

The School District responded by filing a complaint in assumpsit against Dinberg seeking to recover benefits paid to him during the term of his sabbatical leave.[2] An answer was filed on behalf of Dinberg averring that he was ready, willing, and able to return to his employment at the Hasson Heights Elementary School and the Oil City Junior High School. Also, a counterclaim was filed on behalf of Dinberg seeking damages from the School District because of its refusal to return him to the same position in the same school or schools he occupied prior to his sabbatical leave.[3] The School District filed preliminary objec-

---

[1] Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. §1-101 et seq.

[2] Section 1168 of the Public School Code of 1949, 24 P.S. §11-1168, provides, *inter alia,* that "[i]f the school board has not waived the obligation to return to school service upon expiration of the sabbatical leave and the employe fails to do so, unless prevented by illness or physical disability, the employe shall forfeit all benefits to which said employe would have been entitled under the provisions of [the Public School Code of 1949] for the period of the sabbatical leave."

[3] Section 1168 of the Public School Code of 1949 provides, *inter alia,* that "[n]o such leave of absence shall be considered a termination or breach of the contract of employment, and the person on leave of absence shall be returned to the same position in the same school or schools he or she occupied prior thereto."

tions to Dinberg's answer, new matter, and counterclaim. The Court of Common Pleas of Venango County dismissed the preliminary objections but, on reconsideration, by order dated July 10, 1979, sustained the preliminary objections and directed the entry of judgment in favor of the School District and against Dinberg in the sum of $7,794.34, with interest and costs, and also directed entry of judgment in favor of the School District and against Dinberg on his counterclaim. Dinberg appeals to this court from the order of July 10, 1979, and we affirm.

Two issues confront us in this appeal: Was the School District required to return Dinberg to the same schools at which he taught prior to his sabbatical leave? Did the School District offer him the same position upon his return from his sabbatical leave?

As to the first issue, there is no dispute that the School District assigned Dinberg to the Oakland Elementary School upon his return from his sabbatical leave and this was not a place where he had been teaching at the time he requested a sabbatical leave. As we have noted, Section 1168 of the Public School Code of 1949 requires that the person on leave of absence be returned to the same school or schools he occupied prior thereto. However, that same section provides that this requirement may be waived. The School District contends that it was waived in the instant case by the provisions of the collective bargaining agreement entered into by and between the School District and Dinberg's teachers' association. Dinberg acknowledges that the said agreement provides only that he will be returned to the position he held when the leave was granted.

Nevertheless, Dinberg asserts that the parties to a collective bargaining agreement cannot bargain away a statutory right to which he is entitled under the School Code. However, our Supreme Court has

held that the fact that a particular subject matter may be covered by legislation does not remove it from collective bargaining if it bears on the question of wages, hours, and conditions of employment. *Pennsylvania Labor Relations Board v. State College Area School District,* 461 Pa. 494, 337 A.2d 262 (1975). Surely, the place where one performs services for his employer is a condition of employment. *See Board of Education v. Philadelphia Federation of Teachers Local 3,* 464 Pa. 92, 346 A.2d 35 (1975) (a school district may agree in a collective bargaining agreement to submit to arbitration the propriety of discharging a nontenured teacher although the power to dismiss a temporary professional employee is granted to the school board by provisions of the Public School Code of 1949).

Concerning the second issue, we must determine whether the School District did offer Dinberg the same position upon his return from his sabbatical leave. Prior to that leave, he was teaching instrumental music to elementary[4] and junior high[5] students. After his leave, he was requested to teach instrumental music only to elementary students. Under these facts, we can only conclude that, since he was teaching elementary students prior to his leave, the teaching of elementary students subsequent to his leave would constitute the same teaching position. Succinctly stated, the position of teaching elementary students is the same as the position of teaching elementary students.

Order affirmed.

---

[4] 22 Pa. Code §5.1 defines "elementary school" as "[k]indergarten or grades one through six, or a school approved as an elementary school by the Department [of Education of the Commonwealth]."

[5] 22 Pa. Code §5.1 defines "junior high school" as "[g]rades seven through nine or a school approved as a junior high school by the Department [of Education of the Commonwealth]."

### ORDER

AND Now, this 30th day of June, 1980, the July 10, 1979 order of the Court of Common Pleas of Venango County, directing entry of judgment in favor of the Oil City Area School District and against Douglas I. Dinberg in the sum of $7,794.34, with interest and costs, and directing entry of judgment in favor of Oil City Area School District and against Douglas I. Dinberg on the counter-claim filed by Douglas I. Dinberg, is hereby affirmed.

DISSENTING OPINION BY JUDGE CRAIG:

I must respectfully dissent because this music teacher's former position consisted of teaching at junior high school level as well as at elementary school level, and the district attempted to return him to teaching at the elementary school level only, which does not constitute the same position as before. Although not entitled to be returned to the same school or schools in the sense of place, he was entitled to be returned to the same position, in the sense of substantially the same level (or combination of levels) of work.