Christine J. Walter, Appellant *v.* North Hills School District, Appellee.

Argued November 15, 1984, before Judges ROGERS, MACPHAIL and PALLADINO, sitting as a panel of three.

*Edward A. McQuoid,* for appellant.

*Michael Witherel,* with him, *Lee A. Donaldson, Jr., Donaldson & Donaldson,* for appellee.

*William Fearen,* with him, *Michael I. Levin* and *Mary D. France, Cleckner and Fearen,* for Amicus Curiae, Pennsylvania School Boards Association.

OPINION BY JUDGE MACPHAIL, January 31, 1985:

This is an appeal by Christine J. Walter (Appellant) from a decision by the Court of Common Pleas of Allegheny County which held that Appellant must pay back to North Hills School District (School District) the benefits she received while on sabbatical leave.

Appellant, a professional employee of the School District, requested and was granted sabbatical leave for the 1977-78 school year for the purpose of study.[1] During this sabbatical, the School District paid the following sums:

|  |  |
|---|---|
| One-half regular salary to Appellant | $7,571.00 |
| Public School Employee Retirement System—School District share | 1,007.70 |
| Educator's Income Protection | 63.40 |
| Life Insurance | 42.50 |
| Total | $8,684.60 |

After her sabbatical, Appellant requested and was granted an unpaid leave of absence for the 1978-79 school year. In June 1979, Appellant submitted her resignation and the School District responded with a

---

[1] Appellant pursued a Master's Program at the University of Pittsburgh while on leave.

demand that Appellant return all benefits she received while on sabbatical. When Appellant failed to respond to that demand the School District commenced an assumpsit action seeking to recover the above mentioned sums from Appellant. After a non-jury trial, a decision was entered for the School District. Appellant filed exceptions which were dismissed by the trial court. This appeal followed.

Section 1168 of the Public School Code of 1949 (Code)[2] provides:

No leave of absence shall be granted unless such person shall agree to return to his or her employment with the school district for a period of not less than one school term immediately following such leave of absence.

No such leave of absence shall be considered a termination or breach of the contract of employment, and the person on leave of absence shall be returned to the same position in the same school or schools he or she occupied prior thereto.

Upon expiration of a sabbatical leave, by consent of the school board, the requirement that the person on leave of absence shall return to the service of the school district or to the same position in the same school or schools that he or she occupied prior thereto, may be waived. If the school board has not waived the obligation to return to school service upon expiration of the sabbatical leave and the employe fails to do so, unless prevented by illness or physicial disability, the employe shall forfeit all benefits to which said employe would have been entitled under the provisions of this act for the period of the sabbatical leave.

---

[2] Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. §11-1168.

If such employe resigns or fails to return to his employment, unless the requirement to return to service is waived by the board of school directors, the amount contributed by the school district under section 1170 of this act to the Public School Employes' Retirement Fund shall be deducted from the refund payable to such employe under existing law and amount so deducted shall be refunded to the school district by which it was paid. (Footnotes omitted.)

Appellant contends that the trial court erred when it held that she was obliged by the forfeiture provisions of Section 1168 to return monies she received or that were paid on her behalf while she was on sabbatical leave. She argues in the alternative that she is not compelled to return her salary under the forfeiture provisions of Section 1168.

Appellant points out that forfeitures are odious and must be strictly construed. *Elizabethtown Lodge No. 596 v. Ellis,* 391 Pa. 19, 137 A.2d 286 (1958). Appellant contends that this principle compels a reversal in the instant case because 1) she never agreed that she would return to teach and 2) the School District waived the requirement of her return to service.

The testimony in the instant case was very brief. Appellant testified that she requested a sabbatical leave on August 1, 1977;[3] that she was orally informed that the board of the School District would favorably act on the request at its September meeting; that she did not resume teaching when school reopened for the 1977-78 school year; and that she was informed by letter dated September 16, 1977 from the School District's personnel manager that her request had been

---

[3] Appellant completed 10 years as an English teacher at the end of the 1976-77 school year.

granted. That letter, however, contained the following paragraph:

We understand that you will return to your professional responsibilities at the commencement of the 1978-1979 school year.

Appellant further testified that it *was* her intention to return to the School District as a teacher during the entire time she was on sabbatical leave (n.t. 50).

It also appears from the record that on or about December 9, 1977, the School District sent an agreement to Appellant fully executed by the School District and setting forth an express agreement that Appellant·would return to teach at the end of her sabbatical leave and that if she did not, the forfeiture provisions of the Code relating to sabbatical leaves would ·be invoked. That agreement was never signed by Appellant. As we have already noted, Appellant in June of 1978 requested an unpaid leave of absence for the school year 1978-79 'to complete her work for a master's degree and to commence work on a doctoral degree. That request also was granted by the School District. There is nothing in the record to indicate any communication between Appellant and the School District other than what we have noted until Appellant submitted her letter of resignation on June 21, 1979.

Appellant urges that since she never signed the agreement tendered by the School District and never otherwise told the School District that she would return to teach, she was not bound to do so. The School District counters that unless the School District waives its right to require Appellant to return, she is bound by law to do so, whether or not there is a formal agreement to that effect. We are of the opinion that Appellant's position is somewhat weakened by 1) her own testimony that she *did* intend to return to teach

and, 2) the specific language in the School District's communication granting her request for the sabbatical which, in our minds, was conditional upon Appellant's return to teaching.

Regarding the effect of the statutory language, we believe the operative part of Section 1168 is the sentence which reads:

> . . . *If the school board has not waived the obligation* to return to school service upon expiration of the sabbatical leave and the employe fails to do so, unless prevented by illness or physical disability, the employe shall forfeit all benefits to which said employe would have been entitled under the provisions of this act for the period of the sabbatical leave. (Emphasis added.)

The critical phrase relating to waiver is repeated in the last paragraph of Section 1168 which also deals with forfeiture, and provides in pertinent part, "unless the requirement to return to service is *waived by the board of school directors,*" (emphasis added). We finally note in this regard that the effect of a sabbatical is to maintain the teacher's employment status in *every* respect, not just the payment of salary. It follows, we think, that the legislative intent which must always be the focus of our inquiry in the interpretation of statutes, 1 Pa. C. S. §1921(a), was to give teachers this benefit so long as they remained in an employment status and that this status only could be changed by *school board* action *waiving* the teacher's duty to return.

Concerning the matter of waiver, our case law is to the effect that since a waiver is a matter of intention, there must be some affirmative act on the part of the party affected showing an intention to waive. *Kahn v. Bancamerica-Blair Corporation,* 327 Pa. 209,

193 A. 905 (1937). Such is not the situation here, of course. The School District evidenced in its letter that it fully expected Appellant to return to teach. The subsequent grant of a leave without pay is further evidence that the School District regarded Appellant as its employee at the expiration of the sabbatical leave and the fact that the Appellant made such a request for leave without pay is evidence that *she* regarded herself as still in the employ of the School District.[4]

We next examine Appellant's argument that, in any event, she is not obligated to return that portion of her salary paid to her while she was on sabbatical leave. Appellant contends that salary is not included in the term "benefits" as that term is used in Section 1168. To support her argument, Appellant points to cases in this Court which have distinguished salary from benefits. In *Central Dauphin Education Association v. Central Dauphin School District,* 28 Pa. Commonwealth Ct. 36, 367 A.2d 385 (1976), this Court affirmed an arbitrator's decision that a school district was obliged to provide life, dental and major medical health care insurance for a teacher on sabbatical leave. The arbitrator held that the Code neither required nor forbade the payment of fringe benefits to a teacher on sabbatical leave but that the collective bargaining agreement did require the school district to furnish those benefits. It is true that the Court did state that the Code in Section 1152, 24 P.S. §11-1152 made a clear distinction between "regular salary" and the fringe benefits which were then at issue before the Court. In *Pennsylvania Labor Relations*

---

[4] In view of our disposition of this issue, we need not discuss Appellant's contention that the trial court erred when it held that Appellant had been unjustly enriched when she accepted the benefits of her sabbatical leave but failed to return to teach.

*Board v. State College Area School District,* 9 Pa. Commonwealth Ct. 229, 306 A.2d 404 (1973), *rev'd on other grounds,* 461 Pa. 494, 337 A.2d 262 (1975), this Court similarly indicated in interpreting the impact of the Public Employe Relations Act, Act of July 23, 1970, P.L. 563, *as amended* 43 P.S. §§1101.101-1101.-2301[5] upon public school operations, that wages were a separate item from hospital insurance and other benefits.

We fail to see, however, how those cases control the issue now before us. What is included in "all benefits" to which an employee would be entitled under the Code while on sabbatical leave and which must be forfeited if the teacher fails to return? Sections of the Code which follow Section 1168 provide the answer, we believe. Section 1169, 24 P.S. §11-1169, requires that the teacher be paid one-half of his or her salary and Section 1170, 24 P.S. §11-1170, guarantees the maintenance of the teacher's rights, including all rights to which she is entitled as a member of a bargaining unit because she is a regular full-time employee. These constitute "all of the benefits" to which a teacher is entitled while on sabbatical leave. The teacher can waive her right to salary, *Fisher v. Warakomski,* 381 Pa. 79, 112 A.2d 132 (1955) but in the absence of a waiver, if she qualifies for sabbatical leave, the teacher *must* be paid that portion of her salary which conforms with the provisions of Section 1169 of the Code. We do not believe "benefits" as used in the forfeiture provision is a technical word but rather is used in its common form. 1 Pa. C. S. §1903(a). We note that "benefit" or "benefits" is not employed by the legislature in Section 1152 or elsewhere in the Code as a technical word. We agree with

---

[5] This Act was amended after the Supreme Court's decision in *State College.*

the trial court that any construction of "benefits" which would exclude salary, would lead to an absurd result in violation of 1 Pa. C. S. §1922(1). The principal benefit to which a teacher is entitled while on sabbatical leave is one-half of salary. The legislature, having mandated the payment of salary under certain conditions, would not intend to convert the payment of that salary into a gratuitous gift if those conditions were not fulfilled.

Order affirmed.

ORDER

The decision of the Court of Common Pleas of Allegheny County, No. 8846 of 1979, dated August 31, 1982, is affirmed.