548 A.2d 711

Commonwealth of Pennsylvania, Department of Transportation, Plaintiff v. Russell Standard Corporation et al., Defendants.

*Brian H. Baxter,* Deputy Attorney General, with him, *Mark E. Garber,* Chief, Tort Litigation Unit, and *LeRoy S. Zimmerman,* Attorney General, for plaintiff.

*Robert A. Arcovio, Winters, McKenna & Arcovio, P.C.,* for defendants.

OPINION BY JUDGE MCGINLEY, October 18, 1988:

Plaintiff Commonwealth of Pennsylvania, Department of Transportation (DOT) filed a complaint in our original jurisdiction seeking a declaratory judgment against Russell Standard Corporation (Russell Standard), a highway construction contractor and Fireman's Fund, an insurance company, on a Certificate of Insurance Russell Standard obtained from Fireman's Fund in order to perform maintenance on a state highway pursuant to a contract with DOT. In Count I of its complaint DOT alleges that Russell Standard has breached its contractual duty to indemnify and defend DOT in three underlying actions brought in the Court of Common Pleas of Erie County which arose out of an accident on the highway where Russell Standard performed the roadwork. DOT requests that Russell Standard insure, defend and indemnify DOT for any loss resulting from the accident. In Count II DOT alleges that Fireman's Fund breached its contractual insurance obligation owed to DOT pursuant to the Certificate of Insurance it issued Russell Standard. DOT requests that Fireman's Fund be required to furnish legal representation to DOT in all legal proceedings arising out of the underlying actions in the Erie trial court.

Both DOT and Russell Standard in conjunction with Fireman's Fund filed motions for summary judgment which are presently before our Court. On June 30, 1982, DOT issued invitation bid-proposals to various contractors across the state including Russell Standard. After submitting the low bid, Russell Standard was awarded a contract to perform an oil and chip seal coat operation on Route 8 in Erie County in an area known as "Smiley Hill." The contract, known as a purchase requisition, provided that DOT's Form 408 Specifications, requiring a Certificate of Insurance indemnifying DOT for any liability loss during the project, must be obtained.[1] Russell Standard obtained a Certificate of Insurance from Fireman's Fund which named DOT as an additional insured.

Russell Standard, in turn, subcontracted with Cross Construction Company who actually performed the oil and chip operation on August 1-2, 1982. On November 2, 1982, Fireman's Fund issued another Certificate of Insurance naming Russell Standard as an insured, but not including DOT. On August 31, 1983, the driver of a tractor trailer proceeding down Route 8 on Smiley Hill lost control and struck an automobile coming up the hill thereby killing the driver and two passengers in the automobile.

------

[1] DOT's Form 408 Specifications, Section 107.14 provides in part:

107.14. Responsibility for Damage Claims—The contractor shall furnish the State with an Insurance Certificate or certificates evidencing the issuance of adequate Property Damage and Public Liability insurance *to cover any loss that might accrue* and shall indemnify and save harmless the State, the Department, and all of its officers, agents, and employees from all suits, actions or claims of any character, name and description, brought for or on account of any injuries or damages received or sustained during the performance of work . . .

All three decedents' estates filed wrongful death and survival actions against DOT, among other defendants. Those actions have been settled. However, DOT has filed an action in our Court for declaratory judgment in order to require Russell Standard or Fireman's Fund to pay attorneys' fees and indemnify DOT for their settlement payments resulting from the three Erie trial court actions. However, we need only address the parties' motions for summary judgment which are currently before our Court for disposition.

Summary judgment shall be granted if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Pa. R. Civ. P. No. 1035(b). It is to be entered, however, only in the clearest of cases when no doubt exists as to the absence of a triable issue of fact. *Williams v. Pilgrim Life Ins. Co.,* 306 Pa. Superior Ct. 170, 452 A.2d 269 (1982).

DOT contends it is entitled to summary declaratory judgment ordering both defendants to pay attorneys' fees and indemnify DOT in the Erie trial court actions in that the bid-invitation proposal accepted by Russell Standard obligates them to furnish insurance coverage for DOT "for any loss that might accrue" and also that the "completed operations coverage" clause in the insurance policy applies to DOT as an additional insured beyond the expiration date of the policy. We disagree.

As indicated by Section 107.14 of DOT's Form 408 which was incorporated into the highway construction contract, Russell Standard was obligated to furnish insurance coverage for DOT for any loss that might accrue during the performance of the work. DOT argues "that any loss that might accrue" is an ambiguous insurance clause which must be interpreted against the insurer

and in favor of the insured and cites *Musisko v. Equitable Life Assurance Society*, 344 Pa. Superior Ct. 101, 496 A.2d 28 (1985) in support of this contention. However, the alleged ambiguity DOT challenges is contained in DOT's own bid-invitation proposal and Form 408. DOT cannot benefit by challenging alleged ambiguities in its own forms. If an ambiguity does exist, it would have to be construed against DOT as the party that drafted the documents. *In Re Breyers Estate*, 475 Pa. 108, 379 A.2d 1305 (1977). Further, the Certificate of Insurance clearly indicates a policy expiration date of November 1, 1982.[2] Clearly, DOT is not entitled to judgment as a matter of law on this contention.

Second, DOT's argument that the completed operations coverage clause in the policy provides coverage for DOT in the Erie trial court actions must also fall for the same reason. The Certificate of Insurance indicates the policy expiration date of November 1, 1982, five times on its face. DOT was an additional insured for completed operations coverage only for the life of the policy, not indefinitely.

Although Fireman's Fund did defend Russell Standard in the Erie trial court actions, Fireman's Fund was so obligated under a separate insurance policy wherein DOT was not required to be named as an additional insured in that the project had been completed. Accordingly, DOT's motion for summary judgment is denied.

Also before our Court is a motion for summary judgment on behalf of Russell Standard and Fireman's Fund. Russell Standard and Fireman's Fund contend they are entitled to summary judgment because Russell Standard was only required to insure and indemnify DOT for any loss that might accrue during the performance of the work. Also both defendants contend the

---

[2] Plaintiff DOT's Complaint. Exhibit C.

policy period clearly expired on November 1, 1982 as indicated on the Certificate of Insurance. We agree.

It is apparent that DOT is attempting to isolate the words "any loss that might accrue" from the rest of the text of Section 107.14 of Form 408 which clearly includes the phrase "during the performance of the work." Russell Standard, through its subcontractor, Cross Construction, completed the oil and chip operation on August 2, 1982. The policy reflected on the Certificate of Insurance indicates a clearly marked expiration date of November 1, 1982. Accordingly, the applicable policy naming DOT as an additional insured expired on November 1, 1982, eleven months prior to the accident.

DOT does not contest any of the facts in this matter. Instead, DOT appears to rely on tenuous arguments concerning the interpretation of alleged ambiguities in the insurance policy and construction contract. Having failed to submit evidence of a factual dispute regarding the terms of the construction contract or insurance policy, DOT has failed to demonstrate any genuine issues of material fact. Further, as a matter of law, Russell Standard had complied with its obligation to furnish insurance to DOT for the performance of the work on the project and that insurance policy expired on November 1, 1982. The Erie trial court actions arose out of an accident which occurred August 31, 1983. Accordingly, neither Russell Standard nor Fireman's Fund was required to defend or indemnify DOT. The motion for summary judgment on behalf of Russell Standard and Fireman's Fund is granted.

## ORDER

AND NOW, October 18, 1988, DOT's motion for summary judgment is hereby denied, the motion for sum-

474

mary judgment on behalf of Russell Standard and Fireman's Fund is hereby granted.

This decision was reached prior to the resignation of Judge MACPHAIL.