588 A.2d 1320

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, Plaintiff,**

**v.**

**AMERICAN STATES INSURANCE COMPANY and Winters & Fleming, Inc., and Anna C. Hill et al., Defendants.**

Commonwealth Court of Pennsylvania.

Argued Nov. 16, 1989.

Decided Jan. 19, 1990.

Publication Ordered April 2, 1991.

Brian H. Baxter, Deputy Atty. Gen., with him, Mark E. Garber, Pittsburgh, for plaintiff.

Robert C. LeSuer, with him, William J. Kelley, Erie, for defendants.

Before CRAIG, McGINLEY and SMITH, JJ.

SMITH, Judge.

The Department of Transportation (DOT) has filed its amended complaint for declaratory judgment in this Court's original jurisdiction. DOT seeks a declaration that American States Insurance Company (American States) and Winters & Fleming, Inc. (Winters) are required to defend and

indemnify DOT in tort actions filed against it resulting from an automobile accident occurring on Legislative Route 295 where Winters performed certain road work for DOT. Motions for summary judgment have been filed by DOT, American States and Winters.[1] This Court grants the motions for summary judgment of American States and Winters and denies DOT's motion for summary judgment.

On May 23, 1985, DOT issued invitation-bid proposals to pre-qualified contractors including Winters to bid on a contract to apply a fog seal coat on several state highways. Thereafter, Winters was awarded a contract to perform an operation known as a fog seal coat on various highways including Legislative Route 295 in Erie County. As a result, Winters contacted an agent for American States and advised him that Winters needed a certificate of insurance naming DOT as an additional insured and evidencing insurance coverage as required by the fog seal contract documents. American States issued a certificate of insurance to DOT on June 21, 1985 for the policy period January 1, 1985 to January 1, 1986.

The fog seal coat was applied by Winters to Legislative Route 295 on August 19, 1985, and DOT paid Winters the total contract amount for the entire fog seal project on August 22, 1985. On August 26, 1985, an accident occurred on Legislative Route 295 involving a vehicle owned by Avonia Farms and driven by Mark Kamppi and another vehicle owned by National Fuel Gas and driven by Joseph Hill. This accident took the life of Joseph Hill and resulted in personal injury to Merle Walters, a passenger in Mr. Hill's vehicle. Thereafter, civil actions were filed against DOT and Winters in the Court of Common Pleas of Erie County by the Administratrix of the Estate of Joseph Hill and by Merle and Patricia Walters, his wife.

---

1. The other defendants are nominal parties whose joinder is required by Section 7540(a) of the Declaratory Judgments Act, 42 Pa.C.S. § 7540(a), which provides that all parties be joined who may have an interest which could be affected by a declaration.

Upon notice of suit, DOT tendered a request for defense and insurance coverage to American States and Winters. Both denied an obligation to defend and to provide insurance coverage. DOT thereafter filed this action, alleging in count one of its amended complaint that Winters has breached its contractual duty to indemnify and defend DOT in the Erie County lawsuits. In count two, DOT alleges that American States has breached its contractual insurance obligation to DOT pursuant to the certificate of insurance, and requests that American States be ordered to furnish legal representation to DOT and to indemnify and reimburse DOT for any loss resulting from the accident.

Preliminarily, this Court must first resolve a factual dispute concerning the terms of the contract between DOT and Winters.[2] DOT alleges that its Form 408 Specifications, 1983 Edition (Form 408), requiring a certificate of insurance indemnifying DOT was incorporated into the contract awarded to Winters by the invitation bid-proposal specifications. Section 107.14 of Form 408 provides as follows:

> Responsibility for Damage Claims—Furnish insurance certificate(s), as specified in Section 103.06, to indemnify and save harmless the State, the Department, and all of its officers, agents, and employees from all suits, actions, or claims of any character, name, and description, brought for or on account of any injuries or damages received or sustained by any person, persons, or property during the performance of the work by the contractor, whether the same is due to the use of defective material, defective workmanship, neglect in safeguarding the work or public interests, or by or on account of any act, omission, neglect, or misconduct of the Contractor. Also indemnify and save harmless the State, the Department,

2. The mere existence of some alleged factual dispute between the parties need not preclude disposition by an otherwise properly supported motion for summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Summary judgment is appropriately entered when there are no "genuine" issues of material fact. *Kozura v. A. & J. Quality Shoppe, Inc.,* 117 Pa.Commonwealth Ct. 9, 12, 542 A.2d 637, 638 (1988).

all of its officers, agents, and employees from cases arising as contemplated in Sections 105.05 and 107.16, or from any claims for amounts arising or recovered under the Workmen's Compensation Law, or any other law, bylaw, ordinance, order, or decree.

Winters maintains that there was no incorporation of Form 408 into the contract but does not dispute the fact that it was aware that a certificate of insurance was required. American States contends that it provided to Winters the insurance coverage required by DOT "in accordance with DOT's contract terms which incorporated Section 107.14 of Form 408 Specifications." American States Brief in Opposition to DOT's Motion for Summary Judgment, p. 3. As the need for insurance coverage in accordance with Form 408 was communicated by Winters to American States and a certificate of insurance was actually supplied to DOT by American States, this Court finds that Form 408 was incorporated into the contract awarded to Winters.

DOT contends that it is entitled to summary judgment because the motor vehicle accident occurred during the performance of the work by Winters and at a time when the policy of insurance naming DOT as additional insured was still in effect. Winters and American States dispute these contentions, arguing that the accident occurred after completion of the work by Winters and further that certain exclusions contained in endorsements to the policy preclude coverage for this claim.

Both DOT and American States maintain that this Court's ruling in *Department of Transportation v. Russell Standard Corp.*, 120 Pa.Commonwealth Ct. 468, 548 A.2d 711 (1988), supports their position. In *Russell*, DOT sought a declaration that the contractor and insurance company was required to pay DOT for its attorneys fees and settlement costs in three wrongful death actions. The underlying accident in the wrongful death actions occurred after the work had been completed by the contractor and after expiration of the policy of insurance for which a certificate of insurance had been provided naming DOT as additional

insured. This Court granted summary judgment to Russell Standard and Fireman's Fund (the insurer) holding that DOT was only an additional insured for the life of the policy.

DOT argues that Form 408 required Winters and American States to furnish insurance coverage for any loss that might accrue without any limitation or duration upon such obligation. DOT Brief in Support of Motion for Summary Judgment, p. 20. This Court finds, as it did in *Russell*, that DOT is "attempting to isolate the words 'any loss that might accrue' from the rest of the text of Section 107.14 of Form 408 which clearly includes the phrase 'during the performance of the work.' " *Id.*, 120 Pa.Commonwealth Ct. at 473, 548 A.2d at 713. Therefore, the issue which must be addressed by this Court is whether or not the underlying causes of action arose during the performance of the work by the contractor as specified in Form 408.

DOT maintains that although the actual fog sealant material had been applied to Legislative Route 295 one week before the accident, Winters had failed to arrange for a final inspection and to obtain a letter from DOT relieving Winters of any further work in accordance with provisions of Section 110.09(a) of Form 408. DOT concedes, however, that the work performed by Winters was at all times inspected by authorized agents of DOT.[3] DOT further concedes that upon invoice it paid Winters the total contract price of $34,907.55 on August 22, 1985. By payment of Winters' invoice, DOT forfeited any right to final inspection and waived any right pursuant to Section 110.09(a) to require further work by Winters. *See Walter v. North Hills School District*, 87 Pa.Commonwealth Ct. 302, 487 A.2d 85 (1985).

The record thus demonstrates that the August 26, 1985 accident occurred following completion of the work per-

---

3. The affidavit of the president of Winters states that after completion of the fog seal project, he was advised by DOT that final inspection would not be required because of the presence of DOT officials at the work sites during application of the sealant.

formed by Winters. Winters complied with its obligation pursuant to Form 408 to furnish insurance to DOT during performance of the work on the project, and accordingly neither Winters nor American States was required to defend or indemnify DOT for a claim which arose after the completion of Winters' work on the project.[4]

The motions for summary judgment filed by American States and Winters are granted, and DOT's motion for summary judgment is denied.

## ORDER

AND NOW, this 19th day of January, 1990, the motions for summary judgment filed by American States Insurance Company and Winters & Fleming, Inc. are granted. The motion for summary judgment filed by the Department of Transportation is denied.

---

**4.** DOT further argues that it had a reasonable expectation that insurance coverage would apply one week after the application of the fog sealant and cites *Collister v. Nationwide Life Insurance Co.,* 479 Pa. 579, 388 A.2d 1346 (1978), *cert. denied,* 439 U.S. 1089, 99 S.Ct. 871, 59 L.Ed.2d 55 (1979) in support of this proposition. *Collister* held that the reasonable expectations of the insured became the important consideration once the court had decided that normal contract principles were not applicable. Given the clear requirement of Form 408 that coverage be provided during the performance of the work, this Court does not find that DOT had a reasonable expectation of insurance coverage on August 26, 1985. Given the ruling herein, this Court need not address the remaining issues raised by DOT as to whether the policy excluded coverage for this claim.