## Bitzer v. York Suburban School District

*Thomas W. Scott* and *Ronda K. Kiser*, for petitioner.
*Michael W. King* and *William H. Neff Jr.*, for respondent.

ERB, *J.*, March 6, 1990 — This matter is before the court on appeal of petitioner, Roy T. Bitzer, from an adjudication entered by respondent, York Suburban School District, on March 2, 1988.

The relevant pleaded facts are as follows. Petitioner was granted a sabbatical for the school year 1986-87 pursuant to Public School Code 24 P.S. §1166 et seq. Before his leave, he was teaching ninth grade drafting, Graphic Arts I, Graphic Arts II and photography. In addition, he was assigned to afternoon bus duty and supervision of one study hall. After the sabbatical, his schedule consisted of Metal I, ninth grade metal, three study halls, a homeroom and lunch duty. Petitioner is certified to teach metal shop but had not done so for about 25 years.

Public School Code of 1949, March 10, P.L. 30, Article XI, §1168, as amended, 24 P.S. §11-1168 states that after a sabbatical the teacher must be returned to the "same position in the same school." Petitioner, claiming he was not returned to the "same position," requested a hearing pursuant to Local Agency Law, 2 Pa.C.S. §551 et seq.

A hearing was held before the Board of School Directors on March 2, 1988. The board issued an adjudication which was approved by the board at the regular meeting on June 20, 1988. The adjudication concluded that petitioner's assignment for the school year 1987-88 within the industrial arts department

"constituted the same position in the same school which he held prior to his sabbatical leave and that there has therefore been no violation of his rights under section 1168 of the Public School Code."

Petitioner is appealing the adjudication on the grounds that "same position" means a full teaching schedule.

Section 1168 of the Public School Code (24 P.S. §11-1168) controls the decision in this case. The section reads:

"No [sabbatical] leave of absence shall be considered a termination or breach of the contract of employment and the person on leave of absence shall be returned to the same position in the same school or schools he or she occupied prior thereto."

Section 1168 of the Public School Code was enacted as a protection for school teachers returning from sabbatical leave. The definition of "position" cannot be viewed so narrowly as to include only teacher title or certifications, and exclude course assignments and grade level of students. To do so would encourage school districts to do just what has occurred in this case. Districts would be permitted to force senior teachers out of their positions, coercing them into unwanted early retirement by giving them unfamiliar assignments, and by giving them unprofessional, embarrassing assignments following a return from sabbatical leave.

In the case of petitioner, being returned to the "same position" means that of a teacher. A teacher is defined as someone who spends at least 50 percent of his time in "direct educational activities." (24 P.S. §11-1141.) Petitioner teaches two periods out of eight which is only 25 percent of the teaching day. Respondent has provided a schedule which removes petitioner's status as a teacher. Respondent, there-

fore, has not returned petitioner to the "same position" which he held prior to his sabbatical.

The court does not accept respondent's comment that study hall supervision is a "direct educational" activity within the meaning of section 1101 of the code (24 P.S. §11-1101). Nowhere in section 1101 do the words "study hall" appear. A study hall is a room in which students may study during their free time. No special expertise is needed to monitor a study hall. No stretch of the imagination can call study hall supervision a "direct educational" activity.

In *Fiorenza v. Board of School Directors of Chichester School District, Commonwealth of Pennsylvania, Department of Education,* 28 Pa. Commw. 134, 367 A.2d 808 (1977) petitioner did not meet the requirements of a teacher because he did not spend at least 50 percent of his time in direct educational activity. In the instant case, petitioner has been reduced to less than 50 percent of his time being spent in direct educational activity. If he does not spend 50 percent of his time in direct educational activity, he is not a teacher, and therefore, is not in the same position held prior to his sabbatical.

In this case, respondent argues that the "position" to which petitioner returned was the same as the one which he left because it entails the same certification, is in the same building, and is for the same grade level. Petitioner was deprived of his position. The assignment he received was not what he had when he left, it remained the same only in *name* and *job title*; not in the corresponding duties, responsibilities, importance, and prestige.

Respondent argues that petitioner should have demanded a demotion hearing if he believed he was demoted. Whether or not he asked for such a hearing being reduced from five classes to two

classes is a demotion. The court in *Commonwealth v. Kauffman,* 21 Pa. Commw. 89, 383 A.2d 391 (1975), stated that the two positions must be evaluated for their differences in "importance, dignity, responsibility, authority, and/or prestige."

Respondent mentions *Dinberg v. Oil City School District,* 52 Pa. Commw. 449, 416 A.2d 1139 (1980), and *Roland v. Hanover Public School District,* 97 York Leg. Rec. 13 (1983), to support its contention that petitioner came back to the same school in the same position after his sabbatical. In *Dinberg, supra,* petitioner was not returned to the same school because he had been teaching elementary school and junior high school. He was returned to the elementary school only. As far as the "same position" the case does not mention what classes or how many petitioner taught when he returned from his sabbatical. Therefore, *Dinberg, supra,* is not analogous to the instant case.

*Roland, supra,* pertained to a senior high guidance counselor who returned from sabbatical to an assignment as a guidance counselor in a middle school. The court found that the school district was in violation of 24 P.S. §11-1168. The court stated that " . . . the position of counseling middle school students is not the same as the position of counseling high school students." In the instant case, teaching two classes after a sabbatical is not the same as teaching a full schedule before the sabbatical. The court in *Roland, supra,* stated " . . . we hold *Dinberg* to stand for the proposition that 11-1168 is to be interpreted to mean that the teacher must consent to a waiver of the right to return to the same position or to the same school." In the case at bar, petitioner did not waive either right.

Respondent claims that *Rowe v. Rose Tree Media School District,* Teacher Tenure Appeal no. 191, is

on "all fours" with the case at bar. Petitioner in *Rose Tree, supra,* was seeking a reduced schedule from that assigned to him after his sabbatical. Petitioner in the instant case is seeking to have classes added to his schedule — not subtracted. Petitioner also did not refuse to teach while this matter was being adjudicated.

Petitioner filed a reply brief in May 1989, when a similar case in Centre County Court of Common Pleas was decided in favor of respondent. (*Pursell v. Bald Eagle Area School District and Board of Directors of Bald Eagle Area School District,* Centre County Court of Common Pleas Docket no. 1989-155). Petitioner had been teaching four senior high level social studies courses and one junior high level course. Upon return from sabbatical, petitioner was scheduled for five classes of seventh and eighth grade social studies courses. Respondent filed a reply stating that *Dinberg* was controlling, not *Pursell.*

Finding in favor of the teacher, the Centre County court recognized that none of the Public School Code provisions guarantee teaching assignments, except for section 1168, dealing with sabbatical leaves. In addition, the court reasoned:

"[S]ince sabbaticals are granted for purposes of continuing one's education, researching, or improving one's health, the legislature did not intend that a teacher spend the latter portion of a sabbatical preparing new lesson plans for all new classes . . . [i]f the term 'position' in the statute refers only to the general classification of a teacher's job, rather than his/her position *within* a school, then there would be no need to specify that the teacher should be returned to the same 'position.' " (emphasis in original)

The court held that *Dinberg* was not controlling on the issue presented in *Pursell*. The court held:

"[W]e believe the legislature intended to accord the term 'position' a greater meaning. That is, we believe 'position' encompasses the courses an instructor teaches as well as the grade level of the students whom he/she teaches."

The evidence in *Pursell* established that prior to her sabbatical, the predominant focus of petitioner's teaching assignments had been the upper-level social studies courses. The court recognized that there was no such evidence of "predominant focus" in the *Dinberg* case and, therefore, reasoned that it was not controlling.

Even though the Centre Country Court of Common Pleas decision in the *Pursell* case is not controlling, this court agrees with the decision — that petitioner should be returned to the same position she held before her sabbatical in accordance with 24 P.S. §1168. In the instant case this court finds that respondent violated 24 P.S. §1168 when it did not return petitioner to full teaching status after his sabbatical. Therefore, petitioner must be returned to the same position he held prior to his sabbatical.

Accordingly, we enter the following

## ORDER

And now, March 6, 1990, the appeal of petitioner, Roy T. Bitzer, is granted. The order of York Suburban School District is vacated, and the district is directed to return petitioner to the same teaching position which he held prior to exercising his right to a sabbatical leave.