## Lehigh County Vocational-Technical School v. Demers

*Thomas F. Traud Jr.,* for plaintiff.

*Aaron M. Matte,* for defendant.

BACKENSTOE, *P.J.,* October 18, 1991—Presently before this court for disposition as a motion for post-trial relief by the defendant, Chris W. Demers, requesting that the order dated September 10, 1990, be vacated and judgment granted in his favor. The case was decided by the Honorable David E. Mellenberg who entered judgment in favor of the plaintiff, Lehigh County Vocational-Technical School, for the sum of $23,144.92, representing the total benefits withdrawn on the defendant's sabbatical leave, less an agreed to credit of $1,665. For the reasons expressed herein, we deny and dismiss the defendant's request and uphold the existing judgment.

The material facts in this case are largely undisputed. The defendant, Chris W. Demers, was hired by the plaintiff, Lehigh County Vocational-Technical School for the 1978-79 school year. Between September 1978 and June 1987, the defendant was a full time instructor at the vo-tech school where he taught sheet metal. The defendant was also certified to teach industrial arts.

During the 1986-1987 academic year, defendant was informed by authorities at the school that the sheet metal program was experiencing declining enrollment and that the program may be canceled. Under the school code, whenever a program is canceled, a teacher is suspended and put on a waiting list until another position opens at the school for which the teacher is certified. In response to this situation, the defendant applied for sabbatical leave for the 1987-1988 academic year. This request was granted and a notification of acceptance was given to the defendant in a letter which also directed the defendant's attention to certain pages in the school's operational/policy handbook which pertained to sabbaticals and an employee's obligation to

return to the school for one year after the expiration of a sabbatical. There was, however, speculation as to whether the plaintiff would waive the defendant's obligation to return since school authorities believed that there would be no position open for the defendant at the expiration of his sabbatical.

The defendant began taking classes in June 1987 at the University of Scranton and continued taking classes throughout his sabbatical. In January 1988, a position as an industrial arts instructor became available at the vo-tech school. The defendant was notified about the vacancy by authorities at the school who asked if he would like to return early from his sabbatical to fill it. The defendant declined the position in order to continue with his studies.

Between January 1988 and May 1988, authorities at the school sent two letters to the defendant stating that the school would not waive the defendant's obligation to return after his sabbatical as a result of the vacant position as an instructor of industrial arts, a subject which the defendant was certified to teach. The second letter also stated that if the defendant did not return he would be required to repay the salary, benefits and tuition reimbursement that he received while on sabbatical totalling $24,809.92. The defendant tendered his resignation from his position at the vo-tech school in July 1988.

The plaintiff filed a complaint against the defendant on October 12, 1988, seeking to compel the defendant to repay the salary, benefits and tuition reimbursement that he received during the period he was on sabbatical leave. A hearing was presided over by the Honorable David E. Mellenberg on July 19, 1990. On September 10, 1990, Judge Mellenberg issued an order rendering

judgment in favor of the plaintiff in the amount of $23,144.92, representing the total sum of benefits received by the defendant while he was on sabbatical, less an agreed-to-credit of $1,665 for courses taken prior to his sabbatical. It is from this order that the defendant seeks post-trial relief. The defendant requests that the judgment previously entered in favor of the plaintiff be vacated and judgment entered in favor of the defendant. The defendant claims that the judgment was entered contrary to the law.

The defendant alleges that the judgment was entered contrary to law because under the Public School Code of 1949, he was not required to return to the plaintiff's employment after his sabbatical because he was not returned to the same position after his sabbatical as he held prior to his sabbatical. The defendant also alleges that even if he was obligated to return, that obligation was waived by the plaintiff. In addition, the defendant claims that he is under no obligation by law to return the tuition reimbursement to the plaintiff.

We first discuss the defendant's claim that he was not obligated to return to the plaintiff's employment after his sabbatical because he was not returned to the same position at the school. Prior to the sabbatical, the defendant was a sheet metal teacher and after the sabbatical he would have been an industrial arts teacher. The defendant contends that returning as an industrial arts instructor is not returning to the "same position" as is required under section 11-1168 of the Public School Code. 24 Pa.C.S. §11-1168 (1962). The "same position" defendant contends would be to return as a sheet metal instructor and nothing else. The plaintiff claims that the defendant would have been returned to the "same position" since the defendant would con-

tinue to teach high school students in a subject, "industrial arts," that he is certified to teach with the same salary and benefits that he previously had.

The issue here is what constitutes the "same position" under section 11-1168 of the Public School Code of 1949. The second paragraph states that "the person on leave of absence shall be returned to the same position in the same school or schools he or she occupied prior thereto." 24 Pa.C.S. §11-1168 (1962). The only Pennsylvania case that discusses returning to the "same position" after a sabbatical is *Dinberg v. Oil City Area School District,* 52 Pa. Commw. 449, 416 A.2d 1139 (1980). In the *Dinberg* case, the plaintiff taught music at an elementary school and at a junior high school in the Oil City Area School District. After taking a sabbatical leave, the plaintiff received notification that he was being assigned as a music teacher at two elementary schools rather than at a junior high school and at an elementary school. The plaintiff claimed that he did not have to report back to work after his sabbatical since he was not returning to the same schools or to the same position as per section 11-1168 of the Public School Code of 1949. After a discussion on what constitutes returning to the "same school" under the Public School Code, the court analyzed the question of whether the plaintiff was returned to the same position of employment. The court concluded that "since he was teaching elementary students prior to his leave, the teaching of elementary students subsequent to his leave would constitute the same teaching position. Succinctly stated, the position of teaching elementary students is the same as the position of teaching elementary students." *Dinberg* at 453, 416 A.2d at 1141.

Though the facts of the *Dinberg* case are distinguishable from the case before this court, we can use its

conclusion on what constitutes returning to the same position under section 11-1168 of the Public School Code of 1949 to determine if the defendant in the case at bar was returned to the same position after his sabbatical. In our judgment the defendant was returned to the same position after his sabbatical. Prior to the sabbatical, the defendant was a teacher at the Lehigh County Vocational-Technical School, and, after his sabbatical, the defendant would have been a teacher at the Lehigh County Vocational-Technical School. Each position would require teaching to high school students. The defendant would have received the same salary and benefits. We consider that to be the same position as per section 11-1168 of the Public School Code of 1949. We do not consider it important that the defendant was asked to teach a different course after his sabbatical since the defendant was certified to teach that course. Therefore, we conclude that since he was returned to the same position, the defendant was obligated to return to the Lehigh County Vocational-Technical School after his sabbatical.

The defendant's next contention is that he was not required to return to the plaintiff's employment after his sabbatical because the plaintiff waived that requirement. During the trial, the defendant testified that authorities at the school told him that he would not be obligated to return to the school since the education committee was going to recommend that the sheet metal program be terminated. School authorities testified that they informed the plaintiff that though the sheet metal department may be canceled, his position would be examined at the end of his sabbatical to determine if, as a result of changes in staffing or student enrollment, there would be a position available for him.

Under section 11-1168, a school board can waive an employee's obligation to return after his sabbatical leave has expired.

"Upon expiration of a sabbatical leave, by consent of the school board, the requirement that the person on leave of absence shall return to the service of the school district or to the same position in the same school or schools that he or she occupied prior thereto, may be waived." 24 Pa.C.S. §11-1168 (1962). We do not believe that the school authorities intended to waive the defendant's obligation to return to the school, however. Rather, in June 1987, the school authorities brought to the defendant's attention his obligation to return, but that if staffing or student enrollment did not change, that requirement may be waived. Conditions did change at the school and the defendant was notified half way into his sabbatical that there was a position for him upon expiration of his sabbatical. Authorities for the plaintiff made it clear in two letters to the defendant that they were not waiving the defendant's obligation to return. Therefore, we conclude that the plaintiff did not waive the defendant's obligation to return.

Since the defendant was obligated to return to the plaintiff's employment, the next issue that we must decide is whether the defendant is responsible for repaying the tuition reimbursement that he received while he was on sabbatical. The defendant claims that he is not required to repay the tuition reimbursement that he received from the plaintiff because the collective bargaining agreement for which the defendant is a member allows it members to receive tuition reimbursement. The defendant alleges that this agreement overrides section 11-1168 which provides that benefits received while on sabbatical must be returned if the employee does

not continue employment with his employer at the expiration of the employee's sabbatical. The plaintiff contends that tuition reimbursement is designed to allow a teacher to become a better teacher, a benefit that is lost when a teacher does not return after his sabbatical. Therefore, since the plaintiff did not receive the benefit of the defendant's schooling, the plaintiff should not have to pay for it.

When an employee fails to return to his employer after a sabbatical leave, the employer is required under section 11-1168 of the Public School Code to "forfeit all benefits to which said employer would have been entitled under the provisions of this act for the period of the sabbatical leave." 24 Pa.C.S. §11-1168 (1962). It is for this court to decide whether tuition reimbursement is a right that would be retained by a person on sabbatical under section 11-1168 of the Pennsylvania School Code. If tuition reimbursement is a benefit under section 11-1168, the defendant would be responsible for repaying the plaintiff for the tuition reimbursement he received while on sabbatical. If it is not considered a benefit under section 11-1168, then the terms of the bargaining agreement will take precedent and the defendant will not be responsible for repayment to the plaintiff.

The benefits provision of section 11-1168 has been held to include all rights to which the employee is entitled as a member of a bargaining unit. *Walter v. North Hills School District,* 87 Pa. Commw. 302, 487 A.2d 85 (1985). The defendant is a member of a bargaining unit which mandates tuition reimbursement for members of the bargaining unit. The bargaining agreement, however, is silent as to whether the reimbursement has to be repaid if a member does not return after sabbatical leave. *Walter* discussed this issue and con-

cluded that those benefits listed in the statute and also any benefits received through a bargaining agreement must be forfeited by an employee if he does not return to his employment after the expiration of his sabbatical. *Id.* at 309, 487 A.2d at 89. Accordingly, under *Walter*, we agree and find that the bargaining agreement does not override section 11-1168, but rather is incorporated in the term "benefits" which must be forfeited on failure to return after a sabbatical. Therefore, we conclude that the defendant is required to repay the plaintiff for the tuition reimbursement that he received while he was on sabbatical leave. The plaintiff is required to reimburse the defendant for classes taken prior to his sabbatical, however.

In summary, we find that the defendant was obligated to return to the Lehigh County Vocational-Technical School after his sabbatical leave and that this obligation was not waived by the plaintiff. Since he did not return to the Lehigh County Vocational-Technical School, the defendant is required to repay all of the benefits that he received while on sabbatical, including tuition reimbursement.

For the foregoing reasons, we deny and dismiss the defendant's motion for post-trial relief.

## ORDER

Now, October 18, 1991, upon consideration of the briefs submitted by counsel, after oral arguments upon the matter and for the reasons expressed in the accompanying opinion, it is hereby ordered that defendant's post-trial motions are denied and dismissed.